## SARAH COLBY, *Adm'x. vs.* WILLIAM COLBY.

In an action to recover a demand which has accrued to an administrator since the decease of his intestate, the defendant cannot set off debts due to him from the intestate in his life time.

ASSUMPSIT for money paid, laid out and expended. The cause was tried here at November term, 1820, upon the general issue, with notice of a set-off.

It appeared in evidence, that the estate of the plaintiff's intestate, *Benjamin Colby,* was insolvent; that a note of hand, signed by the said intestate as surety and for the proper debt of the defendant, had been presented to the commissioners and allowed; and that a dividend of $194 68, decreed by the judge of probate to be paid thereon, had been paid by the plaintiff.

It also appeared in evidence, that the said commissioners had allowed the defendant $376 04, upon claims which he had against the estate of the said intestate; that a dividend had been decreed to him by the judge of probate, and had been paid to him by the plaintiff.

On the part of the defendant it was insisted, that the balance of the sum found due to him by the commissioners ought to be allowed as a set-off in this action; but the court being of a different opinion, a verdict was taken for the plaintiff for $210 35, the amount of the sum paid by the plaintiff and interest, subject to the opinion of the court upon the foregoing case.

*Noyes,* for the plaintiff.

*J. Bell,* for the defendant.

RICHARDSON, C. J.    The statute of February 8, 1791, sec. 1,(1) enacts, " that where there are mutual debts or demands " between the plaintiff and defendant, or if either party sue " or be sued as executor or administrator where there are " mutual debts between the testator or intestate and either " party, one debt or demand may be set against the other." This clause was copied from the English statute, 2d George II, cap. 22, sec. 13.   *Montague on set-off* 16.

It seems to be well settled in England, that a debt which accrued in the life time of the testator cannot be set off

(1) 1 N. H. Laws 172.

against a debt that accrues to the executor after the death of the testator. *Montague on set-off* 34.—*Willes Rep.* 103.—*Buller's N. P.* 180.—*Willes Rep.* 264, *note.*

And we are of opinion, that the claim of the defendant cannot be a set-off in this action. This suit is brought to recover a debt which has accrued to the plaintiff since the death of her intestate. These claims were never mutual debts between the intestate and the defendant. And there is a strong reason why we should reject the set-off in this case as not within the intent of the statute. The estate of the intestate in this case is insolvent, and ought by law to be distributed among the creditors in proportion to their debts. But if we allow this set-off, the defendant will receive in fact more than a *pro rata* dividend, and will be allowed to avail himself of his own negligence in not paying his own proper debt to prevent a due distribution of the estate.

It is true, that the action in this case is by the plaintiff, as administratrix. But it is clear, that she might have brought the action in her own right ;(1) and we are of opinion, that the form of the action is altogether immaterial.

In this case, the plaintiff has been compelled to pay a debt of the defendant with money that ought to have been distributed among the creditors of her intestate ; and we are of opinion, that it stands on the same ground as if the plaintiff had sold to the defendant goods of the intestate, and had brought this action to recover the price, in which case it is very clear the defendant could not have availed himself of this set-off.

*Judgment on the verdict.*

(1) 4 Mass. Rep. 327, Mowry vs. Adams.