## HILLS *vs.* TALLMAN'S ADMINISTRATOR.

March, 1840.

An *administrator* who has purchased a judgment against a plaintiff since the rendition of a judgment against him for a *debt owing by the intestate*, will not be allowed by the court, in the exercise of its equitable powers to set off such judgment.

In October term, 1839, a judgment was recovered *in the name of the plaintiff* against *W. M. Tallman*, as administrator of D. Tallman, deceased, to the amount of $272 14 on a former judgment against his intestate.   The judgment had been assigned to one Paul P. Yale.   In December, 1839, the defendant, Tallman, purchased a judgment against Yale, in favor of Bennett & Stryker to the amount of $225 69, and took an assignment to himself as administrator.   The purchase was made in consideration of $136 50, for which he gave his individual note ; and a motion was now made to set off the latter judgment against the former.

*By the Court*, NELSON, Ch. J.   The question is, whether the judgment purchased by the administrator can be set off against one, recovered against him, as such, on a demand due from the intestate.   It appears to me the authorities as well as the policy of the law is against the application.

The English statute of 2 Geo. II., ch. 22, § 13, is substantially like our own, 2 R. S. 279, § 37, 38, 39, under which it has been determined in a suit by an executor, whether describing himself as such or not, to recover a debt, *where the cause of action accrued after the death of the testator*, the defendant cannot set off one due him from the estate.   Willes, 264, note, and 104, n. a.   Babington on Set-off, 64, 65.   8 Wendell, 530.   4 Johns. Ch. R. 13.   The reason is, if allowed, it would alter the course of distribution.   The demand when collected is assets, out of which the defendant is entitled to be paid only in due course of administration ; whereas, if the set-off be allowed, there might be an undue preference over other creditors : his debt would thus be paid in any event.

Hills v. Talman's administrtors.

If, therefore, Tallman should bring a suit upon the judgment he holds, against Yale, the latter would be precluded from setting off his, according to the above cases; and if so, as the rule is mutual, the former would equally fail if the action was against him. 4 Johns. Ch. R. 13. Neither should he be permitted, as the effect upon the assets would be the same as if Yale had set off his debt.

Our statute appears to have been drawn with reference to this exposition of 2 Geo. II., § 37. In suits brought by executors and administrators, demands *existing against their testators or intestates, and belonging to the defendant at the time of their death,* may be set off, &c. § 39. In actions against executors and administrators, &c. they may set off demands *belonging to their testators or intestates,* &c. These provisions accord with the doctrine of the case of *Kilvington, ex'r,* v. *Stevenson,* Willes, 264, note, before referred to, and which has always been regarded as sound law. It was there conceded, if the debt had existed in the lifetime of the testator against the defendant, he might have set off his demand against the estate. That would have been a case within the statute of Geo. II. There would have been " mutual debts" existing between the testator and defendant; or, in the language of our old statute, 1 R. L. 515, § 1, they would have been persons " indebted to each other," or having " demands arising on contract, or credits against each other;" the *balance* only, in that case, if any, would be the debt, and enter into the assets. 20 Johns. R. 137, and see 2 Paige, 402.

In any view that can be taken of this case, the set off must be denied. If the judgment against Yale belongs to Tallman individually, then the objection is insuperable—the debts exist in different rights, 5 Mad. R. 459 ; and if he holds it as administrator, it belongs to the assets of the estate, and must be applied in the usual course of distribution.

Such are the authorities, and they are founded in justice and sound policy.

Motion denied, with costs.