By the Court,
Nelson, Ch. J.
The demurrer extends only to such "portions of the pleadings as relate to that part of the third plea which seeks to set off a debt arising since *213 the death of Smith. The plea of set-off resembles so much a declaration, that two or more parts of it are considered as so many counts in a declaration, and are to be replied to accordingly : and hence, if one part is good, and another bad, the demurrer should be confined to the part defective; otherwise it will fail. (Dowsland v. Thompson, 2 Black. Rep. 910. Bab. on Set-Off, 83.) (a) Here the pleadings have resulted in issues of fact in respect to all matters contained in the plea of set-off, except as to the items or causes there specified which arose since the death of Mr. Smith:—and the question is, whether these are proper subjects of set-off; for if not, the plaintiff has a right to go back, and claim the judgment of the court upon that part of the plea.
Since 1830, the rule on this subject has been declared by statute ;■ but the latter is simply an enactment of the law as it had been previously recognized and applied. (Root v. Taylor, 20 John. R. 137. Fry v. Evans, 8 Wend. 530.) The enactment is as follows: “ In suits brought by executors and administrators, demands existing against their testators or in-testates, and belonging to the defendant at the time of their death, may be set off by the defendant in the same manner as if the action had been brought by and in the name of the deceased.” (2 R. S. 279, § 37, 2d ed.)
This is the only case where a set-off is allowed against the estate of the deceased in a suit brought by the personal representative, where the suit is for a debt strictly due to the plaintiff in that capacity. And it is manifest that the defendant has not brought himself within it. The demand set off had no existence at the time of the death of Mr. Smith, in the sense of the statute, as it did not arise till the payment of the note.
But a decisive reason why this demand is not the subject of set-off here, even if it had been a debt due at the time of the death of the intestate, is, that the suit is brought *214 for a cause of action that arose after his death, and might have been sustained by the plaintiff in her own name ;(b) and whether brought in her own name or in her representative capacity, the set-off is improper as going to change the course of distribution of the assets. (See cases already referred to, and Shipman v. Thompson, Wittes, 103 ; id. 264, n.) (c).
As to the bill of exceptions r It appeared on the trial in the court below, that the defendant, in 1813, procured two policies of insurance upon the schooner Venus and her cargo, in which he and Mr. Smith, together with one Everitt, were interested each one third, and that a loss had happened before the death of Smith, which was on the 2d of May, 1816 ; that the defendant received various payments for said loss on account of the owners, after the death of Smith, and down to 12th April, 1838, amounting in the whole to $5681,85—one-third of which belonged to Smith’s estate.
In answer "to this .evidence the defendant offered to prove under the plea of non-assumpsit, or issue of nil debet on the plea of set-off, or both, the endorsement by him for. the accommodation of' Smith, of a promissory note made by the latter for $1616,75, payable at sixty days, dated March 13, 1816—which note was duly protested for non-payment and afterwards taken up by the defendant, The defendant’s counsel insisted, that this evidence would tend to show that the defendant had a lien upon the policies and their proceeds, as an indemnity for the liability assumed by reason of said endorsement and payment. It was also contended, that at all events, the evidence should be submitted to the jury to find *215 the fact, whether there was not an understanding or agreement between Smith and the defendant that the latter should have a lien upon the policies and their proceeds for the amount of the note; and, further, that it was admissible under the issue of nil debet. The offer, however, was overruled by the court.
There is certainly nothing in the character or relation in which the defendant and Smith stood to each other, out of which, at common' law, the right of lien could arise; and the only ground upon which it can be placed is, an implied agreement or understanding arising out of the peculiar circumstances of the case. (2 Kents Com. 633. Ferguson v. Norman, 5 Bing. N. C. 76.) And I confess I am unable to discover any thing in the offer of evidence at the trial, which, upon this latter view, would tend to raise the inference of such implied agreement or understanding, except the naked fact of the custody of the policies at the time of the endorsement—a fact which I think the cour.t were right in regarding as too trivial even to be submitted to the jury.
The strongest case relied on, that I have seen, is Muir v. Fleming, (1 Dowl. & Ry. N. P. C. 29.) That was a life policy, and was placed in the hands of an agent in London, who had for years paid the premium upon it, and had been, in the habit of making advances for the intestate, for which he never had any other security. Abbott, Ch. J. denied any general lien; but submitted the point to the jury, to say, whether it had been left in the hands of the defendant for safe custody, or deposited with him as security for his advances; telling them, that in point of law, in the former case, their verdict must be for the plaintiff.
There the policy belonged to the intestate, who had the exclusive control over it. The leaving of it in the possession of the defendant, and the payment of the premium on it by him, which was, to that extent, conceded to be a lien, doubtless afforded some ground for the inference that both parties intended it should be held also as security for-other advances made from time to time to the owner.
But, in this cáse, the defendant procured the policies— *216 was interested in and entitled to the custody of them as one of the owners—and had a right to retain them in defiance of Smith. The mere fact, therefore, of the possession, it seems to me, affords no presumption one way or the other, of an understanding between them that they should be held for the purposes claimed. The defendant might set up a lien with the same force of reason and argument in respect to any other species of property in his possession, in which both parties happened to be interested at the time.
The evidence offered, it may be conceded, went to establish the issue of nil debet in favor of the defendant; but if we are right in our view of the case on the questions raised by the demurrer, the finding of this issue for him could not change the result. It would have been the finding of an immaterial fact, notwithstanding which the court must have given judgment for the plaintiff.
Upon the whole, therefore, I think the judgment should be affirmed.
Judgment affirmed.

 See Barbour’s Law of Set-Off, 164, 165.

 See S. P. Colby v. Colby, (2 N. H. Rep. 420;) per Richardson, C. J. citing Mowry v. Adams, (14 Mass. R. 327;) Savage v. Merriam, (1 Blackf. Rep. 177, note (1);) Tallmage v. Chappel, (16 Mass. R. 71, 72, and the cases there cited by Howe arguendo;) Biddle v. Wilkins, (1 Peters' Rep. 686 ;) Barnes v. Modisett, (3 Blackf. Rep. 253.)

 See S. P. Shaw v. Gookin, (7 N. H. Rep. 16 ;) Dale v. Cooke, (4 John. Ch. Rep. 11;) Butter's N. P. 180 ;) Colby v. Colby, (2 N. H. Rep. 419 ;) Woodman v. Barker, (id. 479;) Hills v. Tollman’s adm’r, (21 Wend. 674 ;) Barbour’s Law of Set-Off, Í31, and the cases there cited; Crews v. Williams, (2 Bibb, 262;) Burton v. Chinn’s adm’r, (Hard. Ken. Rep. 252.) 0