Mr. Justice Clayton
delivered the opinion of the court.
The appellees, as the administrators of Alexander McNeill, deceased, reported the estate to the probate court of Warren county to be insolvent, and commissioners were appQinted to examine and audit the claims against the estate. During the time that this commission was in progress, -the administrators *345 filed a petition in the probate court; in which they stated that a very large proportion of the debt due from the estate, was originally owing to the Commercial and Railroad Bank of Vicksburg, but that said debts, on the 13th of February, 1840, had been transferred to the appellants, as the assignees of said bank. That said bank had issued a large amount of post notes, and other bank notes, which were then greatly depreciated in value; that the assignment was fraudulent and intended to evade the law against assignments by the banks. The petition therefore prayed that the bank and its assignees might be made parties, that the commissioners of insolvency might be directed to amend their return so as to show the amount due to the assignees to be due in the notes of the bank, and that the court might authorize and require the petitioners to buy with the funds of the estate the paper of the bank, and to pay the share of the bank with the paper so purchased. The assignees filed an answer in which they insisted upon the validity of the assignment, and urged their right to receive payment in par funds. The probate court sustained the petition and directed payment to be made in the notes of the bank, from which decision the cause comes by 'appeal to this court.
An inquiry lies at the root of this investigation, whether the probate court had any jurisdiction in the matter presented to it. The law, regulating proceedings when an estate is declared to be insolvent, is contained in the 80th section of the statute in regard to the estates of decedents. H. & H. 409.
It provides that the court, after ordering the estate to be sold, shall appoint two or more commissioners, with full power to receive and examine all claims against the estate; that the commissioners shall give notice of the times and places of their sitting, and that time not exceeding eighteen months, shall be allowed by the court to the commissioners to bring in their report, at the end of which time the commissioners shall make their report and present a list of all the claims that shall have been laid before them, with the sums they shall allow on each respective claim, to the court. After payment of certain privileged claims, the court shall order the residue and remainder of *346 the estate, both real and personal, (the real estate having been sold .according to law) to be paid and distributed by the executor or administrator to and among the creditors, who shall have made out their claims with the commissioners, in proportion to the sums unto them respectively due and owing, provided, that notwithstanding the report of commissioners, the creditor whose claim is wholly or in part rejected, or any executor or -administrator, who may be dissatisfied with such report, on a particular claim,-may, for good cause shown, have the said claim referred by the court to referees, whose return and award thereon, returned to the next term of the court and approved by the court, shall be final and conclusive. It also provides that no suit shall be brought against an insolvent estate, unless the executor or administrator shall consent to have any claim settled by action at law, when the judgment shall determine the claim, and be reported by the commissioners, and every executor or administrator, after final apportionment of such distribution among the creditors, shall be liable to the creditors for their respective shares in such distribution.” This embraces nearly all the statutory provisions on the subject.
We have been thus particular in setting out the law, that the grounds of our opinion may be distinctly seen. It is certain that the power which the court was called on to exercise in this petition, is not expressly conferred by the constitution or by the statute, nor is it necessary to give it by construction, to enable the court to perform the functions which are prescribed to it. The right or power is nowhere given to administrators to file a bill or petition, to obtain directions from the court, as to the mode of administering the estate. Such powers are exercised by the English court of chancery, but it does not thence follow that they belong to our probate court. Several courses were open to the administrators under the statute, to effect the object they had in view. By excepting to the report of the commissioners, they might have had the matter laid before referees, and then by exception to their report, the judgment of the court might have been called for on the point. Or they might have required suits at law to have been brought on the several claims, *347 when upon pleadings framed for the purpose, a decision might have been had directly on the questions.
There must be some boundary and limits to the jurisdiction of that court, otherwise the most complicated questions which can arise either at law or in equity, will be subjected to its determination, often, without the formality of those pleadings which have been sanctioned by the wisdom and experience of ages, as the safest and surest guards for the correct administration of justice. This case itself affords a strong illustration of this view. Several exceedingly complicated and embarrassing questions are involved. The power of a bank to make assignments of all its property, the question of fraud in this particular transaction, the effect and operation of the various legislative enactments in regard to the banks, the right of the court to compel the assignees to receive in payment the issues of the bank, are all involved in the decision. They are grave and important points, and it seems to us that any court would hesitate to pass upon them, in a mere collateral proceeding. If, as is the practice in the English court of chancery, an executor or administrator may file a bill or petition for directions in the administration of an estate, it will soon come to pass that the administrators of commercial men will ask for leave to continue partnerships, and carry on business, and finally in every complicated estate, the burthen of the administration will be cast upon the courts of the country. The judgment of the court, to be upheld, must screen the party who acts under it from responsibility, and thus a principle of irresponsibility in the discharge of an important trust, must be virtually introduced. If such petition may be filed by the administrator of an insolvent estate, there is no reason to say that it shall not be done by the administrator of a solvent one, and it is easy to see that administrations could scarcely ever be brought to a close. The courts of the country, like the English chancery court, would become the repositories, where estates would be locked up from generation to generation.
These consequences cannot be shut out from consideration, and they determine us against the exercise of such a power by *348 the probate court, and induce us to say that it is better not to depart from the ordinary and prescribed mode of administration.
If such petition may be entertained against one of the creditors, it may equally be against each one severally, and a multiplicity of suits and issues be thus kept in progress at the same time. The remedy given by the statute is much more simple and obvious. By the report of the commissioners the parties who have claims are or may be all brought into court, when by exceptions to the report, all disputes may be put in the train of adjustment, without any farther service of process.
Upon the whole we think that the probate court had no jurisdiction o-ver^ this petition, that its order must be reversed, and the petition dismissed.
Besides the modes already pointed out of raising the question intended to be presented by the administrators, it is possible that there is still another. The court of probate can issue no execution to compel the payment of the proportionate share of debts to the creditor; (2 Lomax Ex. 529; 2 Lee’s Eccl. R. 176,) the only means of enforcing its order being by attachment. In case of failure to pay, however, or an offer to pay in funds which the creditor will not accept, an action would lie on the bond of the administrator for a breach. 13 Johns. 437. In a suit against an administrator, as such, to recover a debt out of the assets of the deceased, it seems that a set-off of a debt due to him individually would not be allowed. 21 Wend. 674. But in a suit for a devastavit, it becomes a personal matter, the judgment would be against him personally, and a set-off of a debt or claim due to him in his own right would be admissible. Dubois v. Dubois, 6 Cow. 494. This however is thrown out as a mere suggestion, for the consideration of counsel, not as an opinion by which we should feel ourselves concluded.
Judgment reversed, and petition dismissed for want of jurisdiction in the court below.