## DUDLEY *vs.* GRISWOLD.

*In the matter of the estate of* NATHANIEL L. GRISWOLD, *deceased.*

On an application for leave to issue execution upon a judgment against an executor, for costs occasioned in the defence of a proceeding instituted by the executor, the latter claimed to offset a judgment against the applicant recovered by C. B., and assigned to the executor. Held, that as the judgment for costs, was in terms against the executor in his representative capacity, and *to be paid out of the assets of the deceased,* it must abide the course of distribution of the estate. The judgment purchased by the executor belongs to him individually. To authorize a set-off, the debts must be mutual, and due to and from the same persons in the same capacity. It is against sound policy to permit executors to buy up claims against creditors of the deceased, for the purpose of obtaining a set-off in equity,

D. T. WALDEN, *for applicant.*

The application should be granted.

I. The judgment of Dudley is against, and *payable out of the estate* of Nathaniel L. Griswold, deceased. It *is a debt due from the estate.*

The judgment which they seek to set off, has been purchased by the executors since the death of the testator.

II. An executor cannot, either at law or equity, set off a demand purchased by him after the death of the testator against a debt due by the estate. (*Mead* v. *Merritt*, 2 *Paige*, 402; *Hills* v. *Tallman's ad'm.*, 21 *Wend.* 674; *Dale* v. *Cook*, 4 *J. C. R*, 13.)

" It would be inconsistent with the principles of sound policy to permit an executor to buy up claims against creditors of an estate for the purpose of obtaining a set-off in equity." (*Per Chancellor*, 2 *Paige*, 405.)

III. To whom does the purchased judgment belong? If to the executors individually, the objection is insuperable : the debts exist in different rights. If they hold it as executors, it belongs to the estate, and must be applied in the usual course of distribution. (*Per Nelson, Ch. J.*, 21 *Wend.* 675.)

IV. In actions *against* executors, the statute allows a set-off of demands, only, which belonged to the *testator*. (2 *R. S.* 451, § 46, 3*d ed.*)    And such is the rule of law and equity. (*Murray* vs. *Toland*, 3 *J. C. R.* 574; *Dale* vs. *Cooke*, 4 *ib.* 13; *Harvey* vs. *Wood*, 5 *Mad.* 459; *Richbourg* vs. *Richbourg*, 1 *Harp. Ch.* 168.)

V. There is no mutuality.    Dudley could not set off this judgment against the one held by the executors, even if they have purchased for the estate.    (*Fry* vs. *Evans, ad'm.*, 8 *Wend.* 530; *Irving* vs. *De Kay*, 10 *Paige*, 323; *per Chancellor ; Crews* vs. *Williams*, 2 *Bibb.* 263; *Dale* vs. *Cooke*, 4 *J. C. R.* 13; *vid. Nelson Ch. J.* 21 *Wend.* 675.)

VI. Applications to set off judgments are addressed to the discretion of the court, which discretion will be so

exercised as to do equity, and not to sanction fraud. (*Barb. Set off*, 32, 33, *and cases cited below*.)

This application is made for the express purpose of defeating the attorney's claim for costs; and although, as a general rule, courts of law do not recognize the attorney's lien, yet in the exercise of a sound discretion, they will not, in some cases, permit a judgment to be set off, to the prejudice of the attorney's claim. (*Dunkin* vs. *Vandenburgh*, 1 *Paige*, 622; *Bradt* vs. *Koon*, 4 *Cow. R.* 416; *Smith* vs. *Lowden*, 1 *Sandf. S. C. R.* 696; *Gihon* vs. *Fryatt*, &c. 2 *ib.* 638; *Ainslie* vs. *Boynton*, 2 *Barb. S. C. R.* 258.)

T. H. RODMAN, *for Executor.*

Points on part of the executor.

I. The judgment of Dudley was not recovered *against* the testator, nor upon a cause of action *accruing against him.*

The transaction out of which the liability arose, was between Dudley and the executor personally, in his character as executor; and Dudley's judgment is against the executor personally in his character as executor.

The judgment *against* Dudley was recovered long *after the death of the testator.* None of the cases cited by the counsel of the creditor to show that the judgment against Dudley would not be set off *in an action* at law or in equity, apply to this case.

It is admitted, for it is settled law, that *in an action* a demand against the testator or intestate cannot be set off against a demand which accrued to the executor or administrator, *after the death of the testator or intestate;* and, *e converso,* a demand which accrued against the executor or administrator, cannot be set off against a demand which accrued to the testator or intestate.

The death of the testator is the boundary line which divides the two classes of demands. Demands of either

class may be set off against each other, but not against those of the òther class.    And the reason is, that the allowance of the latter proceeding would alter the course of distribution.

But if the executor be sued *in an action*, the maintenance of this rule does not exclude, as a set-off, a demand which accrued to him as executor : on the contrary, the enforcement of the principle of the rule would allow it. In the present case, if Dudley's claim be allowed and collected, he will get the whole amount of his debt : *while the creditors of the testator* might be left to share *pro rata* in the residue, including the balance of the judgment against him.

They are proper subjects of set-off, according to the principle in *Irving* vs. *De Kay*, 10 *Paige*, 323.


II. But this question does not arise in *an action :* and the statutes of set-offs have no application to this case. They apply only to *actions* by and against executors, &c. (2 *R. S.*, 451, § 46, *3d ed.*)    The practice of setting off judgments does not at all depend on the statute of set-offs, but upon the jurisdiction of the courts over the parties and over their own process.    (*Savage Ch. J., People* vs. *N. Y. Com. Pleas*, 13 *Wend.* 651.)

"It is true," he adds " that it is in pursuance of the policy of the statute, and as was said by De Grey, Ch. J. in *Barker* vs. *Braham*, 2 *Black*, 869 ; 3 *Wils*, 396, *S. C.*, the courts have gone a little further than the letter of the statutes.    By the rule of analogy, in the cases within their power, costs have been set off against costs, and also against debt and costs."

In this case this court is perhaps strictly bound by neither the statute, nor the practice of the courts of law. It is a question of indebtedness, arising on an *accounting*, peculiar to this tribunal.

If the court is satisfied that there is a *judgment due*, and which could be enforced in the court in which it was

recovered, and to which the assets should be applied, he must allow the execution to issue.

If, on the contrary, the judgment appear to be paid, or not legally or equitably due, on account of the existence of a valid set-off in the hands of the executors : he cannot, in justice to the creditors of the testator, or his devisees, allow the execution.

III. The attorney's lien or claim cannot arise here. Dudley is the creditor. The attorney claims that his *client shall be paid.*

In opposition to that, the executor shows a balance against the claimant, by the set-off of a legal ascertained demand of equal character, and thus proves the claimant to be a *debtor*, instead of creditor, of the estate.

IV. In the Supreme Court, where both judgments were recovered, the set-off would be allowed, without regard to the attorney's lien.

The law on this point was settled by the Court of Errors in *Nicoll* vs. *Nicoll*, 16 *Wend*, 446, overruling *Dunkin* vs. *Vredenburgh*, 1 *Paige*, and all the other cases where the contrary doctrine was declared, and establishing the doctrine that the attorney's lien must yield to the equitable right of set-off, and that the latter claim in equity overrides the former.

The facts there were almost identical with those presented to the court.

The smaller judgment was for *costs* alone. The set-off was allowed, and the Court say the Supreme Court would have at once allowed it. The attorney is supposed to look to his client personally for his compensation. The court will protect him from injury by collusion or fraud between the suitors ; but his claim cannot intervene to defeat the equitable right of set-off of the opposite party, who would otherwise be bound to pay the judgment, and look, perhaps, to his insolvent client for his large debt.

In *Ferguson* ags't *Backett*, 4 *Howd. Prac. Rept.* the doctrine is fully examined, the cases cited and discussed, and the principle settled in *Nicoll* vs. *Nicoll* followed in the decision.

V. Dudley could set off this judgment against that of the executor.

The cases cited to show the contrary doctrine prove this. In *Irving* vs. *De Kay*, 10 *Paige*, the set-off was denied because Mrs. De Kay's claim was against the *testator*, and the bond and mortgage sought to be enforced were given *to the executors personally*.

If her claim had been against the executors it would have been set off.

In the language of the Chancellor in *Dale* vs. *Cook* (4 *J. C.*, 13), cited on the other side, " the debts must be mutual, and *due from the same persons in the same capacity.*"

The judgments in question are so.

THE SURROGATE. Julius Dudley recovered a judgment for $150 in the Supreme Court, in June, 1851, against Nathaniel L. Griswold, as executor of the deceased. The judgment was for costs accrued in the defence of a proceeding instituted by the executor, for the removal of Dudley from premises leased to him by the executor.

Upon an application for leave to issue execution upon this judgment, the executor claims an equitable offset, on the ground that he is the owner of a judgment in the Supreme Court against Dudley, recovered by Conklin Brush, May 17, 1848, and assigned to Griswold as executor, December 20, 1850.

There can be no doubt that an executor or administrator cannot set off a debt due to him personally, or purchased by him since the death of the testator or intestate, against a demand due by the estate of the deceased, or accruing in the life-time of the deceased. The question is whether that rule is applicable to the present case. A court of

equity will, in regulating the right of set-off, regard a debt as due in the right of him who is beneficially entitled to it; but the rule prevails as well in equity as at law, that demands due in different rights cannot be set off against each other.    The consequence is that the executor cannot set off against a demand upon him as executor, a debt due to him individually.

In the present case, the judgment for costs is against the executor in his representative capacity, and the amount is to be collected of *the assets of the deceased.*   (2 *R. S.,* *3d ed., p.* 152, § 34; *p.* 178, §§ 21, 22; *p.* 706, § 23; *p.* 709, § 44.)   It stands, then, in effect as if it were a debt against the testator, and *it must abide the course of distribution of his estate.*   Now, suppose the case reversed, and a creditor of the executor individually should seek to set off a debt due to him personally, against a demand due by him to the testator.   That could not be, because it would alter the course of administration, and in the case of an insolvent estate, secure to a debtor of the estate the means of defeating the right of creditors of the estate to a rateable share of the assets.   For the same reason, if an executor sues for a debt created in his favor since the testator's death, the defendant cannot set off a debt due to him from the testator.   To authorize a set-off, the debts must be mutual, and due to and from the same persons in the same capacity.   Therefore, a debt arising with the executor, cannot be set off against a debt due from the testator.   The judgment for costs in this case is substantially, though not in form, the same as a debt against the testator; it is against the estate, and to be paid out of the assets, rateably with other debts.   The judgment sought to be set off, has been purchased by the executor since the testator's decease, and as between these parties, is to be treated as the individual property of the executor.   The principles on this subject appear to be well established; and I think the set-off claimed, cannot be allowed without making a serious inroad upon the established course of administra-

tion of estates. (*Duncan* vs. *Lyon*, 3 *J. C. R.*, 351 ; *Dale* vs. *Cooke*, 4 *J. C. R.*, 11 ; *Fry* vs. *Evans*, 8 *Wendell*, 530 ; *Hills* vs. *Tallman's administrator*, 21 *Wendell*, 647 ; *Irving* vs. *De Kay*, 10 *Paige*, 323.) Besides, I am satisfied that it would, in the language of the late Chancellor, " be inconsistent with the principles of sound policy to permit an executor to buy up claims against creditors of an estate for the purpose of obtaining a set-off in equity." (*Mead* vs. *Merritt*, 2 *Paige*, 405.) The business of an executor or administrator is to settle the estate, pay the debts and distribute the surplus, and not to speculate in demands against the creditors. It is not a legitimate purpose for which to employ the trust funds, to buy up debts against claimants ; and if he does so he must take the risk of such dealings upon his own individual responsibility. On the other hand, if such transactions be lawful, the money advanced to purchase such claims may be legally charged to the estate ; and the consequences of such a doctrine may, in many cases, be most disastrous. There might be no harm accruing in this particular instance, but a bad rule always overcomes in permanent evil any transient and partial benefit. I must, therefore, permit the execution to issue, unless insufficiency of assets be alleged.