CHARLES F. FUSTING and CAROLINE FUSTING, in their own right and as Executors of JOSEPH P. FUSTING, vs. JOHN C. SULLIVAN, JAMES McDOUGALL, and others.

*Set-off of Notes purchased by Individuals against a Judgment, (which had been previously Assigned without notice,) against them as Executors, not Allowable—As Executors they could not purchase Outstanding Claims against Creditors of the Estate—Set-off does not extend to Claims purchased Conditionally—Set-off in Equity.*

In 1871, S. instituted an action of *assumpsit* against F.; pending the suit F. died, and his executors were made parties and judgment was recovered against them. This judgment, upon appeal taken by the defendants, was affirmed by this Conrt on the 2nd December, 1874. On 3rd December, 1874, it was assigned by S. pursuant to a previous agreement, to McD. for valuable consideration. The assignment was evidenced by an order of that date to the clerk of this Court, to enter the judgment to the use of McD. signed by one of S's attorneys under S's direction. This order being afterwards accidentally mislaid, another was written of the same tenor, signed by S's attorneys and filed in this Court on the 15th December, 1874, and a like order was also filed in the Court below where the judgment had been recovered. Upon a *fi. fa.* being issued on the judgment, the appellants filed their bill for an injunction to restrain further proceedings, claiming a right to set-off against the judgment and execution two promissory notes, dated 1st December, 1871, payable one eleven and the other twelve months after date, and signed by S. as maker and payable to the order of C. endorsed to the appellants by C. without recourse, on the 5th December, 1874, under an agreement between said C. and said appellants as executors of F., "that in case the judgment of S. against said executors, in the Court of Appeals, be set aside in any way, or in case said judgment be assigned by S., so that executors shall not be able to use the two notes of S. endorsed to them by C. * * * as a set-off to said judgment, then the said notes shall be returned to C., and he shall refund any money he may have received therefor from said executors." HELD:

1st. That under the circumstances of this case, the transfer of the notes to the appellants could not affect the rights of McD., the assignee, who purchased in good faith and without notice.

2nd. That the promissory notes did not constitute a cross-claim or mutual debt within the meaning of the Statute, because not held by the appellants in the same right in which they were liable on the the judgment. This was rendered against them as executors, whereas the promissory notes were held, and could only be lawfully acquired by them in their individual character, and in their own right. As executors it was not competent for them to apply the assets of their testator in purchasing outstanding claims against creditors of the estate.

3rd. That the right of set-off does not extend to claims purchased conditionally for the purpose of using them as a set-off, and with an agreement to return them to the seller if not so used.

Courts of Equity allow set-off in cases in which it could not for some technical reason, be allowed at law, where the party seeking the benefit of it, can show some equitable grounds for being protected against his adversary's demand; and the insolvency of the party against whom the set-off is claimed, sometimes affords strong equitable ground for allowing it.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER, ALVEY and ROBINSON, J.

*John K. Cowen* and *E. J. D. Cross,* for the appellants.

The appellants, by the purchase of the notes, became the owners thereof, the title vested in them, and they could maintain an action on them. *Scott vs. Wills,* 6 *Watts & Searg.,* 357.

The conditions in the contract of December 5th, between the appellants and the vendor of the notes, do not invalidate the assignment, because they never happened, and only amount to a general endorsement of the notes. The

test of the validity of the assignment of the notes from Cross to the appellants is, could they maintain suit upon them against Sullivan? After purchasing them, and paying for them as they did, there can be no question upon this branch of the case.

Even if the assignment were only conditional upon the availability of the notes generally, they could be used as a set-off. *Dorsey vs. Reese,* 14 *B. Monroe,* 157.

When Sullivan assigned to McDougall the judgment, (which assignment was not consummated till the 15th December, 1874, ten days after the transfer by Cross to the appellants of the notes,) the latter took it subject to all the equities between the original parties. He stood in the position of the assignor at the time of the assignment, and took what interest he then had. *Filbin vs. Hawk,* 8 *Watts, Pa.,* 443; *Sheldon vs. Hurd,* 7 *R. I.,* 403; *Downer vs. South Royalton Bank,* 39 *Vt.,* 25; *Jordan vs. Black,* 2 *Murph.,* (*N. C.,*) 30; *Marshall, et al. vs. Utterback,* 43 *Md.,* 46.

The insolvency of Sullivan is proved in the evidence, especially by the deed of trust for the benefit of his creditors, which recites that fact. This insolvency furnishes a sufficient ground for the interposition of a Court of equity to enable the appellants to avail themselves of their set-off. *Marshall, et al. vs. Cooper,* 43 *Md.,* 46; *Levy vs. Steinbach,* 43 *Md.,* 212; *Mitchell vs. Oldfield,* 4 *Term,* 123; *Goodenow vs. Butterick,* 7 *Mass.,* 140; *Simpson vs. Hart,* 14 *Johns.,* 63; *Hill vs. Tallman,* 21 *Wend.,* 674; *Waterman on Set-Off, secs.* 360–363, (*2nd Ed.;*) 2 *Wms. Executors, p.* 1702 *and note y*; *Hutchins vs. Riddle,* 12 *N. H.,* 464.

The judgment of Sullivan against the appellants was a judgment *de bonis propriis,* consequently a judgment against them individually. There could be no impropriety in their purchasing the notes of the judgment creditor to pay the judgment with. This was prudent

conduct on their part, even if they used the assets of their testator. for that purpose. *Foley & Woodside vs. Mason & Son,* 6 *Md.,* 37; *Clark vs. Magruder,* 2 *Harr. & Johns.,* 77.

*A. W. Machen* and *Orville Horwitz,* for the appellees.

1. The right of set-off in the hands of an assignee only exists where the debt is assigned unconditionally and absolutely. *Waterman on Set-off,* secs. 53, 59 *and* 87, (*2nd Ed.;*) *Mead vs. Merritt,* 2 *Paige,* 405; *Fair vs. Mc-Iver,* 16 *East,* 138; *Adams vs. McGrew,* 2 *Ala.,* 675; *Mc-Dade vs. Mead,* 18 *Ala.,* 218; *Strauss vs. Eagle Ins. Co.,* 5 *Ohio State,* 66; *London, Bomb. and Med. Bank vs. Narraway, L. R.,* 15 *Eq.,* 93.

The mere existence of cross-demands will not be sufficient to justify a set-off in equity; and it is only when the party seeking the benefit of it can show some equitable ground for being protected against his adversary's demand, that set-off in equity will be allowed. *Smith vs. Washington Gas Light Co.,* 31 *Md.,* 18; *Miller vs. Lea,* 35 *Md.,* 396.

2. To authorize a set-off under any circumstances it is essential that the demands be *in the same right.* The judgment is against the executors of Joseph P. Fusting. The promissory notes in question constitute. no part of the assets of his estate. As executors—to charge his estate with the burden of their acquisition—the complainants had no authority to purchase them, nor to divert any part of the assets for the purpose of paying for them. However they may claim to hold the notes, therefore, they really hold them in their individual capacity. The assets of the testator could not legally be diverted from the payment of his debts to the speculative purchase of mercantile paper. Consequently, these notes, which never belonged to the estate of the deceased, cannot be set-off against the judgment.

Courts of equity are governed by the same rules in regard to set-off as Courts of law, and to entitle a party to a set-off, the debts must be mutual and exist between the parties in the same right. *Penniman vs. Loney,* 40 *Md.,* 475; *Hall's Adm'r vs Creswell,* 12 *G. & J.,* 51.

With respect to parties, as between whom the right of pleading set-offs is allowed, the same rule which applies to the statutes, 2*nd and* 8*th Geo.* 2*nd,* is applicable to the Maryland Statute. *Milburn vs. Guyther,* 8 *Gill,* 97.

As the duty of the executors is to settle the estate, pay the debts and distribute the surplus, and not to speculate in demands against creditors, they cannot set off a debt purchased by them since the death of the testator against a demand due by the estate of the deceased. *Waterman on Set-off,* secs. 187, 206, (2*nd Ed.*)

Where an execution was about to issue upon a judgment against an executor, the latter claimed to set off a judgment against the plaintiff, recovered by a third party, and assigned to the executor; and it was held that the purchased judgment must be considered as belonging to the executor individually; that to authorize a set-off, the debts must be mutual, and due to and from the same persons in the same capacity; and that it is against sound policy to permit executors to buy up claims against creditors of the deceased, for the purpose of obtaining a set-off in equity. *Dudley vs. Griswold,* 2 *Bradf. Surr. C.,* 24; *Mead vs. Merritt,* 2 *Paige,* 405.

3. Mr. McDougall, as assignee of the judgment, cannot be affected in equity by stale notes of the plaintiff acquired after his purchase of it. It is clear that the judgment was equitably assigned on the 3rd of December, 1874, and the circumstance that an order entering it to the use of the assignee was not filed until about the 15th, cannot affect the equities of the assignee.

No transfer of the notes to the defendants in the judgment could avail in equity against one purchasing before

notice. The evidence shows that no notice was given either to Sullivan or McDougall anterior to the 15th of December, 1874.

The mere fact that a party becomes the owner of certain notes does not create a set-off; *non constat* that he may not make some other use of them. Not until an offer has been made to set them off against the judgment, can they have any equitable connection with it.

4. The allegation that John C. Sullivan was insolvent at the time the bill was filed, which was essential, in any view of the complainants' case, is not sustained by the proof; and the fact, even if established, cannot affect the rights of the assignee McDougall.

BARTOL, C. J., delivered the opinion of the Court.

John C. Sullivan, in 1871, instituted an action of *assumpsit* against Joseph P. Fusting; pending the suit the defendant died, and his executors were made parties, and judgment was recovered against them for $1524.18. This judgment, upon an appeal taken by the defendants was affirmed in this Court on the 2*nd day of December* 1874, (41 *Md.*, 162.)

On the 3rd day of December 1874, the judgment was assigned by Sullivan, the plaintiff, to James McDougall for valuable consideration. This assignment was made in pursuance of a previous agreement, and was evidenced by an order of that date directing the clerk of the Court of Appeals to enter the judgment to the use of McDougall. The order was signed by Mr. Horwitz, one of the plaintiff's attorneys, under the plaintiff's direction. This order was afterwards accidentally mislaid, and another was prepared of the same tenor, signed by plaintiff's attorneys and filed in the Court of Appeals on the 15th day of December 1874. A like order was filed in the Superior Court where the judgment had been recovered.

A writ of *fieri facias* on the judgment was issued out of this Court, directed to the sheriff of Baltimore City,

and was returned *nulla bona,* whereupon another writ of *fi. fa.* was issued out of the Superior Court directed to the sheriff of Baltimore County.

The defendants in the judgment, Charles T. and Caroline Fusting, executors, claiming a right to set off certain promissory notes of Sullivan, held by them as endorsees of R. K. Cross, obtained from the Circuit Court for Baltimore County, an order temporarily staying proceedings under the *fieri facias.*

They then filed their bill of complaint in the Circuit Court of Baltimore City, claiming the right to set off the promissory notes against the judgment and execution, alleging the insolvency of Sullivan, bringing into Court the balance due upon the execution, after deducting the amount of the promissory notes, and praying an injunction restraining further proceedings on the *fieri facias.* An injunction was issued as prayed. The cause was heard on motion to dissolve the injunction, upon bill, answers and evidence, and the injunction was by the order of the Circuit Court dissolved. From this order the present appeal was taken.

The two promissory notes which are claimed by the complainants to be an equitable set-off, were made by *Sullivan,* payable to the order of Richard K. Cross, each for the sum of $728.85, dated December 1st, 1871, one of them payable eleven months after date, and the other payable twelve months after date. These notes were endorsed by Cross " without recourse," and delivered to the complainants on the 5th day of December, 1874. On that day an agreement in writing was entered into between Cross and the complainants, stipulating " that in case the the judgment of Sullivan against the executors, in the Court of Appeals, be set aside in any way, or in case said judgment be assigned by Sullivan, so that executors shall not be able to use the two notes of said Sullivan this day endorsed to them by said Cross,     *        *        *

as a set-off to said judgment, then the said notes shall be returned to said Cross, and he shall refund any money he may have received therefor from said executors."

We think there are several insuperable objections to the *set-off* claimed by the complainants:

1st. It appears from the evidence that the judgment was assigned to McDougall in good faith, and for a valuable consideration before the promissory notes came into the possession of the complainants.

Though the entry of the use was not made upon the record till the 15th day of December, the proof shows that the equitable assignment was made on the 3rd day of December, in pursuance of an agreement previously made by Sullivan with McDougall, to assign the judgment to him, in case it should be affirmed on appeal. At the time the assignment was made, there existed no equitable right of set-off, or any cross-claim whatever by the defendants in the judgment; the promissory notes were then held by Cross, who was a stranger to the judgment. Under these circumstances the transfer of the notes to the complainants, could not affect the rights of McDougall the assignee, who purchased in good faith and without notice. *Code, Art.* 9, *sec.* 3, *&c.*

2nd. Another objection to the set-off here claimed is, that the promissory notes, even if they had been purchased in good faith, and were held absolutely by the complainants, do not constitute a cross-claim or "mutual debt" within the meaning of the Statute, because not held by them in the same right in which they are liable upon the judgment.

This was rendered against them in their character of executors, whereas the promissory notes are held and could only be lawfully acquired by them in their individual character and in their own right. As executors it was not competent for them to apply the assets of their testator in purchasing outstanding claims against creditors of the

estate. *Mead vs. Merritt and Peck,* 2 *Paige,* 402, 405. Claims so acquired are held in their own right and not as executors. *Dennis vs. Cronan,* 99 *Mass.,* 334.

It is well settled that an executor cannot set off a claim so held against a debt due by his testator, or by him in his representative character. *Shipman vs. Thompson, Willes,* 103; *Mardall vs. Thelusson,* 6 *Ellis & Blackburn,* 776; *Hills vs. Tallman's Adm'r,* 21 *Wend.,* 674; *Dudley vs. Griswold,* 2 *Bradford,* 24, and the cases there cited in the Court's opinion. *Waterman on Set-Off,* sec. 206, and notes.

3rd. It appears by the agreement between Cross and the complainants, that the transfer of the promissory notes was not made absolutely and in good faith, but merely for the benefit of Cross, to enable him to collect a debt which he claims to be due to him from Sullivan, by placing the notes in the hands of the complainants conditionally, to be used by them as a *set-off* against the judgment.

In *Waterman,* sec. 59, it is said that the right of set-off does not extend to claims purchased conditionally for the purpose of using them as a set-off, and with an agreement to return them to the seller if not so used, and for this the author cites *Straus vs. The Eagle Ins. Co.,* 5 *Ohio,* (*N. S.,*) 59; *Adams vs. McGrew,* 2 *Ala.,* (*N. S.,*) 675; *McDade vs. Mead,* 18 *Ala.,* (*N. S.,*) 214.

We have no doubt of the correctness of the proposition stated by Mr. Waterman; to allow a set-off in such case would be a fraud upon the Statute. We refer also to *Fair vs. McIver,* 16 *East,* 131 *m,* and *London, Bombay, &c. Bank vs. Narraway,* L. R., 15 *Eq. Ca.,* 93.

We do not go into the consideration of the evidence in the record, upon the question of the alleged insolvency of Sullivan, because in the view we take of the case, that question is not material. It is no doubt true that Courts of equity allow set-off in cases in which it could not, for some technical reason, be allowed at law, "where the party seeking the benefit of it, can show some equitable

grounds for being protected against his adversary's demand." *Rawson vs. Samuel*, 1 *Cr. & Phil.*, 161, 178; *Waterman*, sec. 360; 31 *Md.*, 18. And the insolvency of the party against whom the set-off is claimed sometimes affords strong equitable ground for allowing it. *Marshall vs. Cooper*, 43 *Md.*, 46; *Levy vs. Steinbach*, 43 *Md.*, 212.

But the insolvency of Sullivan, even if it were clearly proved, could have no effect upon the rights of the parties in this case; as it appears for the reasons before stated, that the right of set-off claimed by the complainants, upon which the whole equity of their bill depends, cannot be maintained against the assignee of the judgment.

The order of the Circuit Court dissolving the injunction will be affirmed, and the bill dismissed with costs.

> *Order affirmed, and*
> *bill dismissed with costs.*

(Decided 18th June, 1879.)