(25 App. Div. 206.)

## WEEKS v. O'BRIEN.

(Supreme Court, Appellate Division, First Department. January 21, 1898.)

COUNTERCLAIM—CLAIMS IN DIFFERENT RIGHTS.

    Where an executor acquires a chose in action, not through his representation of the deceased, but under a contract which never existed in favor of the decedent, he takes it individually, and not as executor; and, in an action brought against him in his representative capacity by the person liable thereon, he cannot make it the basis of a counterclaim.

Appeal from special term, New York county.

Action by Benjamin Weeks against James O'Brien, as executor of Ellen O'Brien, deceased.

Appeal by the plaintiff from a judgment overruling plaintiff's demurrer to certain counterclaims contained in the answer, and awarding the defendant affirmative judgment thereon (45 N. Y. Supp. 740); from the order entered, upon which the said judgment was entered; and from an order entered denying plaintiff's motion to set aside the said judgment. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Brainard Tolles, for appellant.
Abram Kling, for respondent.

BARRETT, J. The action is brought against the defendant, in his representative capacity as executor of Ellen O'Brien, deceased, to recover damages for breach of a building contract by his testatrix. The answer sets up a number of counterclaims founded upon judgments recovered by third parties against the plaintiff, which it is alleged were, before the commencement of this action, assigned to the defendant, as executor of Ellen O'Brien, deceased. These counterclaims were demurred to upon several grounds, one being that they do not state facts sufficient to constitute a cause of action. We think this demurrer was well taken. A demurrer to a complaint or counterclaim upon the ground that the facts stated are not sufficient to constitute a cause of action is well taken, when such facts do not disclose an enforceable claim against the party demurring, in favor of the plaintiff or counterclaiming defendant. Here the coun-

terclaims, as alleged, show no enforceable claim against the plaintiff in favor of the estate of Ellen O'Brien, deceased. The rule is well settled that, where an executor takes a chose in action as a new security for a debt or obligation due to his testator, he takes it in his representative capacity. Before the Code the executor could sue upon such chose in action, either in his individual or representative name. Now, however, under sections 449 and 1814 of the Code of Civil Procedure, the action must be brought in his representative character. This is expressly required by section 1814, and section 449 provides that an action must be brought in the name of the real party in interest. As the chose in action, under such circumstances, belongs to the estate, the executor, as such, is the real party in interest. This is well settled. Thompson v. Whitmarsh, 100 N. Y. 35, 2 N. E. 273. The converse is equally well settled. Thus, where the chose in action does not come to the executor through his representation of the deceased,—where, in fact, such chose in action is acquired by him under a contract which never existed in favor of the decedent,—he takes it individually, and not as executor. This was held in the case above cited, where the rule was extended even to a debt received by the executor upon the sale of property of the estate. Finch, J., there said:

"Where an executor or administrator sells on credit the property of the estate, and sues to recover the debt, he, as an individual, is the real party in interest; for the contract is made with him, and the promise to pay runs to him."

See, also, Dudley v. Griswold, 2 Bradf. (Sur.) 24, and McClenahan v. Cotten, 83 N. C. 332. It follows that an individual claim of the defendant is here attempted to be counterclaimed against a cause of action against his estate. This may not be done. Code, § 505. The defendant, in his representative capacity, has absolutely no interest in the counterclaims alleged. In such capacity, he is as much a stranger to them as though they had been held by some third party. As executor, he has no cause of action thereon. It may be that this point might have been raised by a demurrer upon the ground that the counterclaims were not of the character specified in section 501 of the Code, the particular nature of the variance being set forth. We think, however, that the method adopted was also a proper one.

The judgment overruling the demurrer should be reversed, and the demurrer sustained, with costs of the appeal and in the court below, and leave to the defendant to amend upon payment of such costs. All concur.