THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, RESPONDENT, *v.* MARTHA A. GILBERT, AS EXECUTRIX, ETC., OF COLGATE GILBERT, DECEASED, APPELLANT.

*Contracts made by an executor do not bind the estate — actions for breach of them must be brought against the executor as an individual — right of creditors to a lien upon money used by an executor in carrying on a business as directed by the testator.*

Upon the trial of this action, brought in a County Court against the defendant, as the executrix of her deceased husband, to recover the price of one car load of coal sold and delivered to her, it appeared that the testator had, by his will, authorized his executrix to continue the business of manufacturing and selling starch for the period of ten years from the time of his death, and to use the capital then invested in such business and to divide the proceeds and profits of the business between the executrix and the testator's children. It was conceded that the coal was purchased to be used in the starch business.

*Held,* that no cause of action against the executrix, in her representative capacity, was established by these facts, and that a motion made by the defendant for a nonsuit should have been granted.

*Austin* v. *Munro* (47 N. Y., 360); *Thompson* v. *Whitmarsh* (100 id., 35) followed.

Before the judgment was entered a motion, made by the defendant to set aside the verdict and for a new trial, was denied by the County Court, which permitted the plaintiff to enter a judgment containing a provision directing that it be enforced against the property of the decedent's estate invested in the business carried on by the defendant, as executrix, for the carrying on of which business the coal in question was purchased.

*Held,* that the court erred in so doing as the complaint was not framed for the purpose of obtaining relief of this character; nor was the judgment, as so modified, capable of being enforced so that the rights of other creditors would be protected.

An APPEAL from a judgment of the Erie County Court entered upon a verdict in the plaintiff's favor, and from an order denying the defendant's motion for a new trial founded upon a case containing exceptions.

The action was for the price of one car load of coal alleged to have been sold and delivered to the defendant, as the executrix of the last will and testament of Colgate Gilbert, deceased. It was admitted by the defendant that there was an executory contract for the sale and delivery of the coal, but the delivery was disputed, and that was the only question of fact litigated on the trial. The

verdict rendered by the jury was a general one, assessing the damages at eighty-two dollars and ninety cents All the legal questions considered in the opinion were raised by proper exceptions made to rulings upon the trial.

*Charles B. Wheeler*, for the appellant.

*Frederick Howard*, for the respondent.

BARKER, J, :

It was conceded upon the argument that the form of the action is against the defendant in her representative capacity. In the body of the complaint the sale of the coal is charged to have been made to her as executrix of the last will and testament of the testator. By his will the testator authorized his executrix to continue the business of manufacturing and selling starch for the period of ten years from the time of his death, and to use the capital then invested in such business and the proceeds and profits of the same not necessary to be used in conducting it he directed to be divided and distributed between the executrix and his children.

It was conceded by both parties that the coal was purchased to be used in the starch business, which the defendant, as executrix, carried on after the death of her husband. The contract sued upon was not made by the testator. It was a contract entered into between the plaintiff and the defendant. The rule is well settled that the contracts of executors, although made in the interest and for the benefit of the estate they represent, are the personal contracts of the executors and do not bind the estate. The principle of the rule is, that an executor may disburse and use the funds of the estate for purposes authorized by law, but he may not bind the estate by an executory contract and thus create a liability not founded upon the contract of the testator. (*Austin* v. *Munro*, 47 N. Y., 360.)

It is conceded by the learned counsel for the respondent that this was the rule prior to the adoption of the Code, but he contends that by the provisions of section 1814 the rule has been changed, and upon the facts established by the verdict a judgment against the defendant, in her representative capacity, was regular and proper. The section is as follows : " An action or special proceed-

ing hereafter commenced by an executor or administrator, upon a cause of action belonging to him in his representative capacity, or an action or special proceeding hereafter commenced against him, except where it is brought to charge him personally, must be brought by or against him in his representative capacity. A judgment, in an action hereafter commenced, recovered against an executor or administrator, without describing him in his representative capacity, cannot be enforced against the property of a decedent, except by the special direction of the court contained therein." None of the provisions of this section change the rule as it existed prior to its adoption, that an action cannot be maintained against an executor in his representative capacity founded on his promise, based upon a transaction which originated after the death of the testator. The statutory rule is but a mere codification of the rules of law and procedure as they existed at the time of its adoption.

In *Thompson* v. *Whitmarsh* (100 N. Y., 35) the court, in giving a construction to this section, said that 'upon new contracts made by the executor or administrator, and never existing in favor of the decedent, but growing out of the contracts and dealings of the former alone, the action is properly brought in the name of the individual.'' That "the effect of the section and the change produced by it is upon the class of cases in which the action could have been maintained in either form; as where, upon a contract made with the testator, the cause of action accrued after his death; or where, upon a debt or obligation due to the deceased, the executor or administrator has taken a new security or evidence of debt. In these cases, before the Code, the action might be in the individual or representative name, but now must be in the latter." (See, also, *Buckland* v. *Gallup*, 40 Hun, 61.) In *Bingham* v. *Marine National Bank* (41 Hun, 377) it was also held that as to original contracts made by an executor after the death of the testator section 1814 had, in reality, made no change in the law as to the character or form of action against the executor making the contract.

The power conferred by the testator on the executrix to carry on the starch business after his death, did not authorize her to create debts in the execution of that trust which could be collected out of the general assets. The executrix could not lawfully use the general

assets for the purpose of supporting the special business of manu-
facturing starch, and if her contracts made in the carrying on of
such business could be enforced out of the general assets, it would
be accomplishing through her action, in an indirect manner, what
she was prohibited from doing directly. All persons dealing with
executors or trustees are charged with the knowledge of the limita-
tions which the law places on their powers. Nothing but the most
clear and unambiguous language, demonstrating in the most positive
manner that the testator intends to make his general assets liable
for all debts contracted in the continuing of a trade after his death,
would justify a court in arriving at such a conclusion. (*Burwell*
v. *Mandeville's Executor*, 2 How. U. S., 580; *Smith* v. *Ayer*,
101 U. S., 330.)

In *Pitkin* v. *Pitkin* (7 Conn., 306), the executor was authorized
by the testator to carry on a special business after his death, and it
was held that the general assets of the testator were not liable to any
creditors who became such after the testator's death; and that such
creditors had no lien on the general assets, although the devisees
might eventually participate in the profits of the trade.

The trade creditor who may deal with the executor, relative to
the special business which he is authorized to continue, has as his
security the personal liability of the executor and a lien upon that
part of the estate of the testator which he has directed to remain in
the business. He has no other remedy for the enforcement of
his debt.

In *Ex parte Garland* (10 Vesey, Jr., 109), in speaking of the
remedies of those who are creditors, not of the testator, but of the
trade creditor who becomes such after the death of the testator, it
was stated: " In the first place they may determine whether they
will be creditors. Next, it is admitted that they have the whole
fund that is embarked in the trade, and in addition they have
the personal responsibility of the individual with whom they
deal. * * * They have something very like a lien upon the
estate embarked in the trade. They have not a lien on anything
else." The American cases are in full accord with these propo-
sitions. (*Pitkin* v. *Pitkin*, 7 Conn., 306; *Laible* v. *Ferry*, 32
N. J. Eq., 791; *Lucht* v. *Behrens*, 28 O. St., 231; *Smith* v. *Ayer*,
101 U. S., 330; *Burwell* v. *Mandeville*, 2 How. [U. S.], 560.)

We hold, therefore, that no cause of action against the executrix, in her representative capacity, was established by the facts averred in the complaint or proved upon the trial, and the defendant's motion for a nonsuit should have been granted

Before judgment was entered the defendant moved to set aside the verdict and for a new trial, which was denied by the County Court, and an order made thereupon decided that a clause be inserted in the order denying a new trial, permitting the plaintiff to enter a judgment containing a provision directing that "the judgment be enforced against the property of the decedent's estate invested in the business carried on by the defendant as executrix, under the name and style of C. Gilbert, mentioned and described in the complaint, for the carrying on of which the coal in question was purchased," and the judgment as entered was in conformity with these directions. By the form of the judgment an attempt was made to change the form of action from one at law to one in equity, for the purpose of foreclosing the equitable lien which the plaintiff had upon the assets of so much of the decedent's estate as was, at the time of the entry of the judgment invested in the starch business. The complaint was not framed for the purpose of obtaining relief of this character, nor is the judgment, as now modified, capable of being enforced so that the rights of other creditors may be protected. Ordinarily the trade creditors would have no occasion to resort to the enforcement of their equitable lien upon the assets unless the business had proved a failure and the trustee was unable, in the exercise of the powers vested in him, to so dispose of the property so as to meet the pecuniary obligations of the business The other creditors, if there are any, would be entitled to a hearing, that they might share, *pro rata*, in the distribution of the proceeds of the assets. In winding up the affairs of an insolvent business or estate where the assets are not sufficient to satisfy all demands in full, the court always proceeds upon the principle that equality is equity, and apportions the property *pro rata* among all the creditors In order to obtain this result, and to carry out the principle of equality, it is necessary to marshal the assets, and for the court to take charge of the same upon the application of any one of the creditors, to be followed by such proceedings as will give all parties interested an opportunity to establish their claims. There

is no precedent for the enforcement of an equitable lien in the mode and manner attempted in this action, and to permit the judgment as it now stands to be executed might lead to unjust results.

We do not need now to inquire whether the creditors must exhaust their legal remedy against the personal liability of the trustee before they would be at liberty to foreclose their equitable lien.    As this action originated in another court and is brought into this court by virtue of its appellate jurisdiction, for the purpose of correcting errors in the court below, we have no power to determine whether by amendment the action may be continued as a personal action against the trustee, or prosecuted as a suit in equity, for the purpose of foreclosing the lien.

Judgment reversed, new trial granted in Erie County Court, with costs to abide the event.

SMITH, P. J , HAIGHT and BRADLEY, JJ., concurred.

Judgment and order reversed and new trial ordered in the Erie County Court, costs to abide event.