FRY *vs.* EVANS, administratrix, &c.

In a suit by an *administrator* for a debt *created since the death* of the intestate, the defendant cannot set-off a debt due to him from the *intestate.*

An *administrator* or *executor* may join in the same declaration *counts* on promises *to himself*, with counts on promises *to the intestate* or testator; the rule being, that counts may be joined whenever the money when recovered will be *assests.*

ERROR from Orange common pleas. The defendant in error, M. Evans, as administratrix of T. G. Evans. deceased, sued Fry in a justice's court, and demanded in her declaration $25, the amount of an execution in favor of the intestate, against one Lusk, received by Fry *since the death of the intestate,* and also $9,62, the price of a cistern purchased by Fry also *since the decease* of the intestate. Fry pleaded the general issue, and gave notice of set-off, goods, &c. sold *to the intestate in his life-time.* The cause was tried and testimony adduced on both sides; the administratix proved the receipt of the $25 by Fry, but whether received by him *before* or *after* the death of the intestate was somewhat left in doubt; the sale of the cistern was clearly proved. Fry offered to prove his set-off, but the justice refused to received the evidence. The jury found a verdict for the administratrix for *only* $9,82, the price of the cistern and probably the interest thereof, on which verdict the justice rendered judgment; the administratrix sued out a *certiorari* to the Orange common pleas, where the judgment of the justice was *reversed;* whereupon Fry, the defendant below, sued out a writ of error to this court.

*C. G. Bradner*, for plaintiff in error.

*J. R. Van Duzer*, for defendant in error.

*By the Court*, NELSON, J. There can be no doubt the *off-set* was properly excluded. The plaintiff in both counts declared for a cause of action which arose *after the death* of the intestate, and in such cases it is well settled that the defendant cannot set-off a demand against the intestate, on the ground that it would change the course of distribution. This is the English doctrine which we have adopted ; our statute of set-off being substantially like that of England. *Dale* v. *Cook*, 4 Johns. Ch. R. 13. *Root* v. *Taylor*, 20 Johns. R. 137, and the cases there cited. Under the old law, by allowing an off-set in a case like the present, a defendant might compel the payment of a simple contract debt in preference to a judgment, or bond debt, in violation of the rule of distribution by marshalling the assets ; and under the Revised Statutes, vol. 2, p. 87, 88, the *pro rata* distribution would be broken in upon. The principle of the case in 20 Johns. R. 137, is embraced in the Revised Statutes, vol. 2, p. 355, § 23.

The cause of action arose upon the defendant's receiving the money upon the judgment against Lusk in favor of Evans. The money belonging to Evans or his representative, in judgment of law it was received to and for the use of the person to whom it belonged ; and whether it was received by the defendant before or after the death of Evans upon counts properly framed, it might be recovered in one action ; the counsel for the plaintiff in error seems to understand the law otherwise. It was decided in *Myers* v. *Cole*, 12 Johns. R. 349, and in *Demott* v. *Field*, 7 Cowen, 58, that in a suit *against* an administrator or executor, counts on promises by an intestate, and on promises by an administrator or executor, upon a consideration arising after the death of the intestate or testator, could not be joined, because they require different judgments ; but the rule does not apply *e converso*, nor the reason of it Mr. Chitty, 1 Chitty's Pl. 204, after an examination of the authorities, which had been somewhat contradictory, says it is clear that an executor or administrator may declare as such

for money paid by him in that character, and may join such counts with counts on promises to the testator or intestate. So money had and received by the defendant to the use of the plaintiff as executor, and an account stated with him as executor of moneys due and owing to the testator, or to the plaintiff as executor, may be joined with counts on promises to the testator or intestate. Mr. Sergeant Williams in his note, 2 Saund. 117, d, n. 2. upon an examination of the cases, came to a different conclusion; but the leading cases which have settled the rule in England, *Ord* v. *Fenwick*, 3 East, 104, and *Cowel* v. *Watts*, 6 id. 405, came under consideration since he wrote. The rule now is that counts may be joined in one declaration, whenever the money recovered will be assets in the hands of the executor or administrator. It is a sound and intelligible rule, and the only surprise is, that when once applied, it should ever have been departed from. Lord Ellenborough, in *Cowell* v. *Watts*, regrets that it was ever departed from.

If the money in this case had been received by the defendant before the death of the intestate, upon strict principles of pleading, the evidence would not have supported the first count in the declaration, as it is there said to have been received after the death of the intestate; but with the liberality with which we are in the habit of viewing pleadings before a justice, it may be questionable whether it ought not even then to have been admitted. In such case, however, the defendant's off-set should have been allowed. But we think the evidence was clearly in favor of the plaintiff, that the money was received *after* the death of Evans, and that the justice was right in excluding the off-set, and the jury should have rendered a verdict for the amount of the money received upon the judgment against Lusk.

Judgment affirmed.