Mr. Justice Walkeh delivered the op. This suit is brought to procure a ¡m^Tof cros^^^nands under the following state of facts: &gJ^(^,|-M|tj|)^,inant) and one Stone are the joint owners of a/plaim al 1 ó wecr ana classed in the Probate Court against the estlffieloI^gb^^.-^IcMonald, deceased, upon a debt contracted by the^ajtegtate in hi^lfe time amounting to $1,310. Complainant also ownS^anoTher claim of $100 against said estate, which he acquired by purchase. At the sale of the intestate’s estate, complainant bought $1,388 worth of property, and executed his bond with security for the payment thereof to the administrators in their individual right, upon which judgment at law has been rendered against complainant and his securities. He charges that the estate is solvent, and that one half of the first claim, and the whole of the second, should be set-off against that much of the judgment at law, and for this prays a decree. Under this state of case, the most important question is, can a debt contracted by the intestate be set-off against one contracted with the administrator in favor of the estate. We think it very evident that it cannot. Our statute provides for the allowance, classification and payment of debts against estates; so as to place all claims of equal grade upon the same footing. It provides for the sale of property, collection of debts, and a settlement in which the whole amount collected is charged against the administator, and pro rata distribution of the money collected is made amongst the several creditors of the estate having due regard to the classification and amount of the claim, so that each claimant of the same class receives an amount proportionate in amount to his claim. In order to protect this equitable distribution of the assets of the intestate’s estate and give it effect, if is necessary to bring the whole of the assets before the court; for if one creditor has a right to withhold from the administrator the amount due by him to the éstate, on the ground of set-off, every other creditor under like circumstances might do the same, until the whole estate might be appropriated to the payment of a few debts to the exclusion of others of the same grade. For instance, suppose an estate to be worth $500, and A. B. and C. have each claims of equal grade for $500. At the sale of the property, A. buys it all: if this doctrine of set-off, be allowed, it follows that A. pleads his set-off, gets the whole estate, and leaves B. and C., whose claims are equally meritorious, unpaid. But in this case it may be said the estate is solvent, and therefore, as there is enough to pay all of the debts, it is unjust and oppressive to withdraw means from the debtor which will necessarily be soon refunded to him. Aside from others, there is this objection to the ground assumed: an estate may be solvent today, that is there may be evidence of sufficient estate out of which to make payment, and yet by the presentation of other claims or a waste or destruction of the estate, it may become otherwise. It is moreover an effoit to withdraw from the Probate Court the determination of the question of solvency or insolvency, whose legitimate province it is to determine that fact. But admit that the chancellor had the power to determine this point, (and. we are free to admit that cases may arise where it might be his province to do so,) yet in this case there is a mere general statement of the fact, without attempting to set forth the facts and circumstances to sustain it. Whether or not the Probate Court has ever brought the administrator to an account, the time elapsed for the presentation of claims of the same class, or whether the debts, with the exception of this, are outstanding, does not appear. Therefore, whether the estate be considered solvent or iiisol-vent, (unless under other additional equitable circumstances, the force' of which we cannot anticipate,) we must deny to the creditor the right of set-off. There is no mutual subsisting debt between the parties: indeed all of the parties are not before this court. We are not left to the statute and the force of reason alone for the correctness of our opinion; but find several adjudicated cases directly in point, to some of which it may suffice to refer. Dale et al., executors of Fulton v. Cooke, 4 J. Ch. Rep. 11, was a suit in chancery to set-oíf a debt due by the testator in his life-time against a debt contracted since his death. The court held that it was an established rule in the courts of law, that if Executors sue for a debt created to them since the testator’s death, the defendant cannot set-ofi‘ a debt due to himfrom the testator. In the case of Fry v. Evans, adm’r, &c., 8 Wend. 530, Nelson, Justice, said, “The plaintilf in both courts declared for a cause of action, which arose after the death of the intestate, and in such cases it is well settled that the defendant cannot set-off a demand against the intestate.” This case of Fry v. Evans, like that which we have under consideration, was a suit on contracts with the Executor for money had, and property bought since the death of the testator. The contract in this case places the question in even a stronger point of view than these. Here the note was not only taken since the death of the intestate, but made payable to the plaintiffs in their individual right. So that there was clearly no mutual subsisting debts between the parties. For these obvious reasons the demurrer to the bill was well taken. Let the judgment of the Sevier Circuit Court be in all things affirmed.