JANE E. THOMPSON, Respondent, *v.* HIRAM WHITMARSH, Appellant.

Where an executor or administrator has sold, on credit, property of the estate, he may bring an action in his own name to recover the debt, and in such an action a debt against the decedent may not be made the subject of a counter-claim.

The old rule in this respect has not been changed by the provisions of the Code of Civil Procedure (§ 449), requiring every action to be brought by the real party in interest, and (§ 1814) that an action commenced by an

executor.or administrator upon a cause of action belonging to him as such must be brought by him in his representative capacity. The debt does not belong to him in his representative capacity, within the meaning of the Code, and he, as an individual, is the real party in interest.

(Argued June 8, 1885; decided October 6, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made January 23, 1883, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover the purchase-price of a certain personal property, which came into the hands of plaintiff as executrix of Charles Thompson, who died insolvent. Defendant set up as a counter-claim a promissory note, executed by the decedent to him. This was not allowed by the referee.

*A. P. Smith* for appellant. This action cannot be maintained by plaintiff in her individual name. (Code of Civ. Pro., §§ 449, 506, 1814; *Wetmore* v. *Porter,* 92 N. Y. 76; *Bradner* v. *Faulkner,* 34 id. 347; *Pugsley* v. *Aikin,* 11 id. 494; Dayton on Surr. 232, 237; 3 R. S. 89, pt. 2, chap. 6, tit. 3, art. 1, § 6; *Parsons* v. *Lyman,* 20 N. Y. 103; *Stone* v. *Scripture,* 4 Lans. 186; *Chapman* v. *Fish,* 6 Hill, 554.) If this action had been brought by Jane E. Thompson as the executrix of Charles Thompson, deceased, the claim against the estate could be set off against her claim. (Code of Civ. Pro., § 506.) A contract void by the statute of frauds, if fully performed, as this was, cannot be repudiated because not in writing and therefore void. (*Van Valkenburg* v. *Croffat,* 15 Hun, 147; *Bowen* v. *Bell,* 20 Johns. 338; *Tyler* v. *Church,* 54 N. Y. 632.) In a case like this the executrix holds the estate, both real and personal, as executrix, and not in her individual capacity. (3 R. S. 74 [6th ed.], § 33; *Forbes* v. *Halsey,* 26 N. Y. 60; *Jenkins* v. *Fryer,* 4 Paige, 47.) If the account had been simply made out in the form it was, and left with the plaintiff for three years and three months and there had been no agreement upon the subject within all the authorities it

would have become an account stated and binding upon the parties, and could not be opened except on an allegation and proof of fraud or mistake. (*Towsley* v. *Denison*, 45 Barb. 490; *Avery* v. *Leach*, 9 Hun, 106; *Phillips* v. *Belden*, 2 Edw. Ch. 1; *Murray* v. *Tolland*, 3 Johns. Ch. 569; *Augsbury* v. *Flower*, 68 N. Y. 619; *Lockwood* v. *Thorne*, 11 id. 170; *Case* v. *Hotchkiss*, 1 Abb. Ct. of App. Dec. 324; *Barker* v. *Hoff*, 52 How. 382; *Hurley* v. *Bank*, 7 Daly, 476.)   The referee having found that there was no account stated when the undisputed evidence shows there was, and to which finding there was an exception taken, it is an error of law, calling for a reversal of the judgment. (*Mason* v. *Lord*, 40 N. Y. 484; *Sheldon* v. *Sheldon*, 51 id. 554; *Draper* v. *Townsend*, 38 id. 219; *Fellows* v. *Northrup*, 39 id. 117.)

*Franklin Pierce* for respondent.   In order to establish a settlement of the claims presented by the appellant upon the occasion when respondent and appellant looked over the accounts, it must appear that the parties met upon each item; that the respondent assented to the correctness of each separate claim of the appellant against her husband's estate; that the account was final; that respondent assented to the correctness of and agreed to pay the balance struck. (*Lockwood* v. *Thorne*, 18 N. Y. 288; *Stenton* v. *Jerome*, 54 id. 480–4; *Champion* v. *Joslyn*, 44 id. 653; *Volkening* v. *De Groof*, 81 id. 268; *Stryker* v. *Cassidy*, 76 id. 54; *Harvey* v. *W. El. R. R. Co.*, 13 Hun, 392; *Schneider* v. *Bank*, 30 How. Pr. 190; *Hutchinson* v. *Bank*, 48 Barb. 303; *White* v. *Campbell*, 25 Mich. 463; *Reinhart* v. *Hines*, 5 Miss. 344; *Wiggins* v. *Burnham*, 10 Wall. 129.)   Plaintiff was not obliged to sue in her official capacity. (*Chatfield* v. *Simonson*, 62 N. Y. 217; Code, § 1814; *Merritt* v. *Seaman*, 6 N. Y. 168; *Bright* v. *Currie*, 5 Sandf. 433; *Stillwell* v. *Carpenter*, 2 Abb. N. C. 241; Bliss on Code Plead., § 53; 2 Wms. on Ex. [6th Am. ed.] 877; *Stewart* v. *Richey*, 2 Harr. [N. J.] 164; *Packer* v. *Wilson*, 4 Hilt. 57; *Manuel* v. *Briggs*, 17 Vt. 176; *Kline* v. *Guthard*, 2 Penn. 491; *Carter* v. *Ester*, 11 Rich.

[S. C.] 363; *Lolliday* v. *Bissey*, 2 Jones, 350; *McKnight* v. *Morgan*, 2 Barb. 171; 1 Pom. Rem. and Remed. Rights, § 181.) In cases like this the privity of contract is not between the purchaser and the estate of the intestate, but is between the purchaser and the executor, who, from the very nature of the contract, must bring the action in his own name. (3 Wait's Act. and Def. 235, 238; *Ferrin* v. *Myrick*, 41 N. Y. 319; *Hall* v. *Richardson*, 89 id. 636; *Wetmore* v. *Porter*, 92 id. 82; *Holbrook* v. *White*, 13 Wend. 591; *Murray* v. *Church*, 1 Hun, 49; *Nichols* v. *Smith*, 7 id. 580; *Sheldon* v. *Hay*, 11 How. Pr. 11; *Saycock* v. *Olison*, 60 Ill. 30; *Evans* v. *Gordon*, 8 Port. [Ala.] 346; *Oglesby* v. *Gilmore*, 5 Ga. 56; *Gunn* v. *Hodge*, 32 Miss. 319; *Catlin* v. *Underwood*, 4 McLean, 337; *Biddle* v. *Wilkins*, 1 Peters [U. S.], 693; *Talmadge* v. *Chapel*, 16 Mass. 71; *Lawrence* v. *Carter*, 16 Pick. 17; *Beecher* v. *Buckingham*, 16 Conn. 120; *Shellman* v. *Crilhusen*, 15 Ind. 441; *Ritenhouse* v. *Ammerwan*, 64 Mo. 200; Perry on Trusts, §§ 809, 810.) The same principles control the acts of other representatives, such as receivers, assignees of insolvent debtors and highway commissioners. (*White* v. *Joy*, 13 N. Y. 87; *People* v. *Supervisors*, 93 id. 397; Bishop on Insol. Debt. 319, § 340; Burr. on Assign., § 403.) It would have been absolute error for respondent's attorney to have allowed the respondent, as executor of her husband, to have brought this action; and had the respondent been defeated in such an action she would have been personally liable for the costs. (*Bedell* v. *Barnes*, 29 Hun, 539; *Feig* v. *Wray*, 3 Civ. Pro. R. [Browne] 159; 64 How. Pr. 391; *Barlow* v. *Myers*, 24 Hun, 290; *Powell* v. *Powell*, 10 Ala. 900; *Clark* v. *Tufts*, 5 Pick. 340; *Howard* v. *Hinerschit*, 16 Hun, 170; *Jordan* v. *Nat. S. and. L. Bk.*, 74 N. Y. 475.) The legislature did not intend to drive executors into bringing actions upon their own contracts in a representative capacity, and then allowing defendants to counter-claim their demands against the testator. Such an interpretation of the law breaks in upon and destroys the whole theory of *pro rata* distribution

of estates among creditors. (*Patterson* v. *Patterson*, 59 N. Y. 577; *Jordan* v. *Nat. S. and L. Bk.*, 74 id. 467.)

FINCH, J. It is not denied in this case that, irrespective of sections 449 and 1814 of the Code, and before its enactment, an executor or administrator, seeking to enforce a contract made by himself and not by the decedent, could sue in his own name; and that in such action a demand against the decedent belonging to the defendant could not be used as a counter-claim to diminish or extinguish the recovery. It is insisted, however, that the effect of these sections.is to change the law, and compel the executor or administrator to sue in his representative capacity where his recovery will be assets, and is for the benefit of the estate. Under section 449 every action must be brought by the real party in interest, and where the recovery is wholly for the benefit of the estate, it is said such real party in interest is the executor or administrator, and not the individual who happens to be charged with the trust duties. And this contention is claimed to be strengthened by the language of section 1814, that "an action or special proceeding, hereafter commenced by an executor or administrator, upon a cause of action belonging to him in his representative capacity * * * must be brought by * * * him in his representative capacity." Here the plaintiff is executrix, and sold upon credit, property of the estate to the defendant, who holds an unpaid note of the decedent. The estate is insolvent, and if the defendant can use his demand as a counter-claim, he alone of all the creditors can secure a preference out of the assets, and be paid in full at the expense of others equally entitled to payment. The result would overturn the whole system of distribution to creditors, and compel executors and administrators never to sell on credit at public auction where creditors of the deceased could buy, or in some unexplained way exclude them from the list of purchasers. No such construction of the Code is permissible. Where an executor or administrator sells on credit the property of the estate, and sues to recover the debt, he, as an individual, is the real

party in interest, for the contract is made with him, and the promise to pay runs to him, and he is personally accountable for the assets which he has sold. For the same reason the debt does not belong to him in his representative capacity within the intent and meaning of the section of the Code referred to. That phrase relates to debts which belonged to the testator or intestate, and came to the executor or administrator through his representation of the deceased rather than as the result of his own action. The effect of the section, and the change produced by it, is upon the class of cases in which the action could have been maintained in either form; as where, upon a contract made with the testator, the cause of action accrued after his death; or where, upon a debt or obligation due to the deceased, the executor or administrator has taken a new security or evidence of debt. In these cases, before the Code, the action might be in the individual or representative name, but now must be in the latter. Upon new contracts made by the executor or administrator, and never existing in favor of the decedent, but growing out of the contracts and dealing of the former alone, the action is properly brought in the name of the individual, and a debt against the decedent cannot be made the subject of a counter-claim. It must be paid in the ordinary course of administration, and can gain no preference, as it is entitled to none.

This particular ground of objection appears not to have been taken at the General Term, and so was not considered in the opinion there rendered, which sufficiently answered the other grounds urged in support of the appeal.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.