ABNER BUCKLAND, as Administrator, etc., Appellant, *v.* WILLIAM GALLUP, Respondent.

The provision of the Code of Civil Procedure (§ 1814), declaring that an action by an executor or administrator "upon a cause of action belonging to him in his representative capacity," must be brought by him in that capacity, includes only such causes of action as accrued during the lifetime of the decedent, or are founded upon a contract made by him.

An action upon a demand accruing to the personal representative, through a disposition of the funds or property of the estate after the decease of the testator or intestate, may be brought by him in his individual capacity.

Where an action might have been so brought, the plaintiff if he fails therein is liable individually for costs, although he sues in his representative capacity.

The will of B. gave all his property to M., his wife, and appointed her his executrix.    She received letters, sold the real estate and invested a portion of the proceeds, taking a note and bond and mortgage, payable to her individually, which came into the hands of defendant After the death of M., plaintiff was appointed administrator *de bonis non*, with the will annexed of B.    In an action for the alleged conversion of said securities plaintiff was defeated.    *Held*, that he was properly charged, individually, with costs

(Submitted March 1, 1887; decided April 26, 1887.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made April 23, 1886, which reversed an order of Special Term, setting aside a

judgment for costs against plaintiff, individually, and amend-
ing the judgment so as to direct costs to be paid out of any
assets in his hands as administrator. (Reported . below, 40
Hun, 61.)

The facts, so far as material, are stated in the opinion.

*George H. Humphrey* for appellant.   Section 1814 of the
Code of Civil Procedure made it expressly obligatory upon ·
plaintiff to bring this action in his representative capacity.
(*Spencer* v. *Strait*, 23 N. Y. Week. Dig. 458, 463 ; *Thompson*
v. *Whitmarsh*, 1 East. Rep. 719 ; *S. C.*, 100 N. Y. 35 ; *Ketchum*
v. *Ketchum*, 4 Cow. 87.)   If the action was necessarily
prosecuted by the plaintiff, as administrator, he is not, as he
should not be, chargeable with costs.   (*Ketchum* v. *Ketchum*,
4 Cow. 87 ; *Tilton* v. *Williams*, 11 J. R. 403 ; *Bedell* v.
*Barnes*, 36 S. C. R. 589 ; Code Civ. Pro., § 3246 ; *Mann* v.
*Baker*, 5 Cow. 87.)

*J. & Q. Van Voorhis* for respondent.   When an executor
brings a suit at law upon a cause of action which does not
belong to him in his representative capacity, and is defeated, the
defendant in the suit becomes entitled, as a matter of right, to a
judgment for costs, against the executor personally, and the
latter is not relieved from personal liability by the fact that he
brought the suit in his representive capacity.   (*Holdridge* v.
*Scott*, 1 Lans. 303 ; *Bedell* v. *Barnes*, 29 Hun, 589 ; *Fox* v.
*Fox*, 5 id. 589 : *Bostwick* v. *Brown*, 15 id. 308 ; *Feig* v. *Wray*,
64 How. 391 ; *Lyon* v. *Marshall*, 11 Barb. 242 ; *Ferrin* v.
*Myrick*, 41 N. Y. 315 ; *Brockett* v. *Bush*, 18 Abb. 337 ; *Smith*
v. *Patten*, 9 Abb. [N. Y.] 205.)   The cause of action set forth
in the complaint did not belong to the plaintiff in his repre-
sentative capacity, and the defendant was therefore rightfully
entitled to the judgment for costs.   (*Holdridge* v. *Scott*, 1
Lans. 303 ; *Mercein* v. *Smith*, 2 Hill, 213 ; *Merritt* v. *Seaman*,
6 N. Y. 168 ; *Thompson* v. *Whitmarsh*, 100 id. 35 ; *Cary* v.
*Gregory*, 38 id. 127 ; *Clark* v. *Dillon*, 97 id. 370 ; *McMahon*
v. *Allen*, 4 E. D. S. 521 ; *Conklin* v. *Edgerton*, 21 Wend. 433 ;
*Bain* v. *Pine*, 1 Hill, 615.)   Section 1814 of the Code of

Civil Procedure makes no change in regard to what claims shall be considered as belonging to an executor in his individual capacity. (*Thompson* v. *Whitmarsh*, 100 N. Y. 35 ; *Bingham* v *Marine, etc., Bk.*, 41 Hun, 378.)

DANFORTH, J. The plaintiff, describing himself both in the title and body of the complaint as " administrator, etc., of Warren Buckland, deceased," demanded judgment against the defendant for the sum of $2,000 and costs of the action. The defendant answered, denying the material allegations of the complaint, and upon trial before a referee, had judgment dismissing the complaint, with costs against the plaintiff in his individual capacity. Upon the plaintiff's application the Special Term ordered an amendment so that the judgment should direct the costs of the action " to be paid out of any assets in his hands as administrator." Upon appeal to the General Term this order was reversed, and from the order of reversal the plaintiff appeals to this court.

The Special Term regarded the question as controlled by section 1814 of the Code of Civil Procedure, which declares that an action by an executor or administrator " upon a cause of action belonging to him in his representative capacity  *  *  * must be brought by him in his representative capacity," while the General Term looking at the cause of action as one arising out of a transaction which occurred after the testator's death, held that it did not belong to the plaintiff in his representative capacity within the meaning of that section. This difference of opinion necessarily leads to an inquiry whether the cause of action upon which the plaintiff sues is, within the meaning of the Code, one " belonging to him in his representative capacity." That capacity was created by statute to carry into effect the wishes of the decedent, and by virtue of it an executor takes as of the time of the death of the testator, and as it were from his hands, his personal property; so that there is no interval of time when it is not the subject of ownership, by the testator up to the time of his death, and from that moment by the person named, not as an individual, but as a representative.

The statute characterizes the property received as assets, requires it to be inventoried, and for those assets so inventoried, and for any increase, the executor is to account. It includes, among other things, debts secured by mortgage, bonds, notes, and things in action. He and his sureties are liable for the full value of all such property of the deceased, received by the executor and not duly administered, and if the cause of action accrued in the lifetime of the testator, any suit respecting it must be in the name of the executor as such. He then sues in the right of the testator, and can bring such actions only as the testator himself might have maintained.

On the other hand, if an injury to the property, or its conversion happens after the death of the decedent, although before letters are actually issued, or if a contract is made with an executor or an administrator personally, in regard to the effects or money belonging to the decedent, received by a third person after the death, the administrator might sue in his own name, and if in any of these cases he may also sue in his representative character, he is not required to do so. (*Valentine* v. *Jackson*, 9 Wend. 302; *Merritt* v. *Seaman*, 6 N. Y. 168; *Patterson* v. *Patterson*, 59 id. 574; *Lyon* v. *Marshall*, 11 Barb. 241.) When he sues in the right of the testator he pays no costs, because the law does not presume him to be sufficiently cognizant of the nature and foundation of the claims he has to assert, and in all these cases it is necessary for him to sue in his representative character, and expressly to name himself executor. (Toller's Law of Exrs., 438.) But if he may bring the action in his private capacity, then if he fails he is liable for costs.

As the statute stood (2 R. S. 615, § 17) before the Code, costs were not, as of course, given in favor of a successful defendant against executors or administrators "necessarily prosecuting in the right of their testator or intestate," but it was held that an executor suing upon a cause of action which accrued after the death of his testator, and failing, was personally liable for costs. (*Burhans* v. *Blanchard*, 1 Denio, 626.) In that case the distinction is said to be well settled

between cases in which an executor must sue in that character and those in which he may prosecute in his own right, whether the action be in tort or on contract. The final test is whether it accrued before or after the death of the testator. In that case and in cases there cited, and in many later ones, it is shown, as well upon principle as authority, that only such causes of action as accrued during the lifetime of the decedent, or upon contract made by him, were of necessity to be prosecuted by his executors or administrators in their representative capacity.

In *Patchen* v. *Wilson* (4 Hill, 57) the contract sued on was by the intestate in his lifetime, and the action was necessarily brought in a representative capacity; and although it failed, the plaintiff was not charged with costs. The same case shows that an action for the conversion of property after the testator's death may be brought in the executor's own name, and that the letters testamentary may be used as part of his chain of title. The same rule applies here. The distinction is between a cause of action accruing on a contract made with the representative, as distinguished from one devolving on him in that capacity by the creation of the trust or representative relation. The Code works no change in these respects. On the contrary, the provisions of section 1814 imply that a person, while executor, may have causes of action of more than one kind, for it declares that those which belong to him in "a representative capacity" shall be prosecuted in that capacity. They are thus contrasted with all others, and as clearly distinguished as if one class devolved on A and the other on B. So, in construing the section, it has been held that the phrase "representative capacity" includes only those causes of action which accrued during the lifetime of the decedent. (*Bingham* v. *Marine Natl. Bank*, 41 Hun, 377)

The demand there in suit arose upon a certificate for moneys belonging to the estate and deposited with the defendant by administrators. The court held that the action could be maintained by the bailors as individuals or as administrators, on

the ground that the section did not include a demand accruing to the personal representatives through a disposition of the funds or property of the estate after the decease of the testator or intestate, citing in support of this view *Thompson* v. *Whitmarsh* (100 N. Y. 35.) In that case it·appeared that Thompson, as executor, having received property of the estate sold it to the defendant, and afterwards in his own name as an individual sued for the price, and the court held the action to be well brought, and that the defendant could not successfully set up against the demand a debt due to him from the testator.

The defendant relied upon section 1814 of the Code, but it was held that the phrase " representative capacity," as there used, related to debts which belonged to the testator and came to the executor through his representation of the deceased, rather than as the result of his own action, and, therefore, required an action for their enforcement to be in his representative name. In each of those cases (*Thompson* v. *Whitmarsh* and *Bingham* v. *Marine Natl. Bank*), the cause of action never existed in favor of the decedent, but grew out of the contract or dealing of the executor, and it was held that the suit was properly brought in the name of the individual.

The inquiry then is as to which of these two classes the cause of action in the present case belongs. As already stated the action is to recover a sum certain. The right to such or any judgment depended upon the following facts : William Buckland died in 1873, leaving real estate worth about $4,000 and a small amount of personal property, all of which he gave, by will, to his wife, Matilda, and appointed her his executrix. She received letters. reduced the estate to possession, paid the testator's debts, sold the real estate, taking in payment one bond and mortgage of $1,000 and one of $4,437.50. The $1,000 bond and mortgage she delivered to the defendant about the time it was executed " in order that he might collect the interest for her and for safe-keeping." She sold the other bond and mortgage, and of its proceeds

loaned the firm of William Gallup & Co., $2,600, taking the note of that firm therefor.  At the time of Matilda's death the note was in the possession of her sister, and she subsequently delivered it to the defendant Gallup, the brother of Matilda.   The bonds, mortgages and note were payable by their terms to Matilda Buckland personally and individually.   The defendant had no other property in his hands belonging to Matilda, and no property in which the estate of Warren Buckland ever had any interest, unless it was said note and bond and mortgage. These were the plaintiff's facts.   He alleged, however, that the property belonged to the estate of Warren Buckland, that the legacies remain unpaid, that after the death of Matilda he was appointed administrator *de bonis non* with the will annexed of Warren Buckland, and demanded the above property of the defendant, who refused to deliver it. The referee held and decided that the note and bond and mortgage belonged to the estate of Matilda Buckland, and not to the estate of Warren Buckland.

If there is disclosed a cause of action belonging to the plaintiff in his representative capacity, then the order below is wrong, for the conditions do not exist which make him chargeable for mismanagement or bad faith.  (Code, § 3246 )   But on the other hand, merely describing himself as executor, either in the summons or complaint, or both, or saying that he sues in that capacity, will not relieve him from costs incident to an unsuccessful litigation.   If on the facts stated in support of the motion there was anything for him to do in his official capacity it was because his predecessor, Matilda, left some part of the estate of Warren Buckland unadministered.   He succeeded to her power and duties only.   The course of administration was merely interrupted by her death, and upon his appointment, while he became the legal representative of Warren Buckland, he could only take the estate in the condition in which the executrix left it.   So far as any of the goods or effects of the testator remained in specie he, as administrator *de bonis non*, could take them, but this rule

applies to such only as are distinguishable. He was bound by her contracts, and if he sues for the proceeds, or upon any promise made to her, he can occupy no different position. She sold the property and loaned a portion of the proceeds, and as to another part she put it in the hands of the defendant, as her agent, in each case, upon the plaintiff's construction of the will, necessarily remaining liable to the estate she represented and liable to account for the whole. I am unable to see that the case differs at all from the one cited. (*Thompson* v. *Whitmarsh, supra.*)

The learned counsel concedes that had an action been commenced by Matilda " it must of course have been commenced in her own name," but he puts this admission upon the fact that she, " in her own right and as an individual, owned the property." If she did, and such is indeed the plain reading of the will, as well as the judgment of the court, obviously the plaintiff could have no right of action in any capacity. It is only on the supposition that it was part of the estate of Warren Buckland that he has any standing in the litigation. But confessedly the property, as it came from Buckland's estate, was changed in form, converted into money and transferred by the act and agreement of his then executrix, the plaintiff's predecessor. She converted the assets, and had become (if any liability at all was created) personally liable for them. She stood exactly in Thompson's position in the case referred to, and reached that position by the same method of business. In no view can the cause of action then created, or as it is stated in the complaint, be said to be one belonging to the plaintiff in his representative capacity. It did not come to him by devolution from the testator. As the plaintiff, therefore, need not have sued in his representative character, and has failed, he is personally liable to pay costs.

The order appealed from is to that effect and should be affirmed.

All concur, except RAPALLO and EARL, J, J., dissenting.

Order affirmed.