# City Court.

*Special Term—May*, 1888.

## BROWN, Executor, *v.* MOTTELER.

Averments as to the representative character of an executor or administrator are unnecessary where the cause of action accrues after the death of the testator.

McАDAM, Ch. J.—The provision of the Code (§ 1814) declaring that an action by an executor, or administrator, "upon a cause of action belonging to him in his representative capacity" must be brought by him in that capacity, includes only such causes of action as accrued

during the lifetime of the decedent, or are founded on a contract made by him (Buckland v. Gallup, 105 N. Y. 453. See cases cited in Mayo v. Austin, 2 City Ct. 113). An action upon a demand accruing to the personal representative, through a disposition of the funds or property of the estate after the decease of the testator or intestate, may be brought by him in his individual capacity (Ib.).

The word "executor" in the title of the action may be regarded as surplusage (45 N. Y. Super. Ct. 517; 1 Hun, 49; aff'd, 58 N. Y. 621; 2 City Ct. 113). The plaintiff is, therefore, entitled to judgment on the demurrer, with costs, and with leave to the defendant to withdraw the demurrer, and answer over on payment, within three days, of $20, the trial fee of an issue of law.