## WEEKES *v.* GARVEY

(*Superior Court of New York City, General Term.* April 15, 1889.)

1. Costs—Against Administrators.
　　Where a plaintiff who sues as administrator is defeated, judgment for costs should be entered against him "as administrator," and not personally, under Code Civil Proc. N. Y. § 3246, providing that in such cases costs shall be awarded "as in an action by a person prosecuting in his own right," etc. But it is not proper to insert in the judgment that the costs are "exclusively chargeable upon and collectible from" the estate, where plaintiff's personal liability has not been passed upon.

2. SAME—ACTION IN "REPRESENTATIVE CAPACITY."

    An action is brought in a "representative capacity," within the meaning of Code, § 3246, when plaintiff, as administrator, having paid a mortgage executed by the decedent, sues certain grantees of the land; claiming that by such payment the estate is entitled to be subrogated to the rights of the mortgagee.

Appeal from equity term.

For a statement of the facts, see the preceding case, *ante*, 890.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*George C. Genet*, for appellant. *Frederick P. Forster*, for respondent.

SEDGWICK, C. J. The action was in equity, and the whole issue was of fact. Section 964. The decision of the court was "to direct the judgment to be entered," (section 1021,) and the clerk was to enter judgment as directed therein, (section 1228.) The decision of the court was "that the defendant John Garvey is entitled to judgment dismissing the complaint as to him, with costs, and I direct that judgment be entered accordingly." The clerk, in performing his ministerial duty on *ex parte* application of defendant, entered a judgment adjudging that J. G. "do and have and recover judgment against Henry De Forest Weekes for" the amount of the costs that have been taxed. Assuming, as the parties have assumed on the argument, that this was an award of costs against the plaintiff to be made out of his own property, the clerk's action was incorrect, if it be conceded that the action was brought by plaintiff in a representative capacity. Section 3246 says that, in an action like this, the costs must be awarded "as in an action by a person prosecuting in his own right," but they are exclusively chargeable upon and collectible from the estate, fund, or person represented, unless the court directs them to be paid by the party personally for mismanagement or bad faith in the prosecution of the action. There has been no direction as to plaintiff's liability in consequence of bad faith. The court that ordered what judgment should be entered did not make such a direction. Whatever the judgment in form, the costs could not be collected, except from the estate, and I take it the words, "as in an action by a person prosecuting in his own right," means only that there shall be an absence from the award of any discrimination as to whether the person or the estate is to pay, and not that a true description of the plaintiff as it appears on the record shall be omitted. And therefore the clerk should have described the plaintiff as the pleadings described him; that is, as administrator, etc. The court making the order below had power to correct the mistake of the clerk in this respect. I think, however, that there should not have been inserted the words, "exclusively chargeable upon and collectible from the estate or funds of said James Garvey, deceased." These words, to be sure, embody only a true legal consequence of the award of costs against the plaintiff as administrator, but inserting them is therefore unnecessary, and perhaps implies that there has been an adjudication that the plaintiff has been held, by the court trying the case, as not liable personally. It does not appear that the court has had the question presented.

The learned counsel for the defendant argues that by the record it appears that the case is not within section 3246, and for the reason that on the whole record it appears that the plaintiff did not bring the action in his representative capacity. The court in *Thompson* v. *Whitmarsh*, 100 N. Y. 40, 2 N. E. Rep. 273, said, in considering the effect of sections 449 and 1814, that "the effect of the section, and the change produced by it, is upon the class of cases in which the action could have been maintained in either form; as where, upon a contract made with the testator, the cause of action accrued after his death; or where, upon a debt or obligation due to the deceased, the executor has taken a new security or evidence of debt. In these cases, before the Code, the action might be in the individual or representative name, but now must be in the latter." *Cole* v. *McClellan*, 4 Hill, 59.

The substance of the claim, not regarding unnecessary details, is the following: The plaintiff's intestate died, being liable to pay a certain bond made by him, and secured by property owned by him at the time he made the bond. When he died he had executed a deed conveying the property to third parties, whose representatives are the defendants to this action. This deed was not upon record at the time of his death. After his death, the plaintiff, as administrator, paid the bond and mortgage, and took a satisfaction piece in ignorance that the land had been conveyed by his intestate. In this action he claims that, if the mistake were held corrected in equity, he then would have been entitled to an assignment of the mortgage, on the ground that the land was the primary fund for its payment. The ground of this claim was the right of his testator to be held as a *quasi* equitable surety, and it is upon such a right only that there could be a recovery. For this reason I am of opinion that the plaintiff's claim is only that of a representative. Perhaps none of these facts existed, and perhaps the testator was not a surety, yet the only question here is, in whose behalf did he sue, or could he have sued in his own? This must be answered favorably to the plaintiff. The order appealed from should be modified by striking out the words "exclusively chargeable," etc., and, as modified, affirmed, without costs. All concur.