(25 Misc. Rep. 297.)

GROSS v. GROSS et al.

(City Court of New York, General Term.   November 18, 1898.)

1. PARTY SUING AS EXECUTOR—PLEADING.
　　The addition of the words "as executrix" to plaintiff's name in the title of the case does not make the complaint demurrable, though it shows that the cause of action is an individual liability in favor of plaintiff; as the descriptive words may be rejected.

2. COUNTERCLAIM.
　　One who has incurred an obligation to a testator's estate after the death of the testator cannot set up as a counterclaim against it an obligation in his favor owing prior to testator's death.

Appeal from special term.

Action by Lea Gross, as executrix of Isaac Gross, deceased, against Kalman Gross and others.   From a judgment sustaining demurrer of plaintiff, defendants appeal.   Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER and CONLAN, JJ.

Wahle & Stone, for appellants.
M. S. & I. S. Isaacs, for respondent.

CONLAN, J.   This is an action for goods sold and delivered, brought against Kalman Gross and William J. Rosenbloom, doing business in the city of New York under the firm name and style of K. Gross & Rosenbloom.   The complaint alleges that on the 24th day of April, 1896, one Isaac Gross died, leaving a will, wherein the plaintiff and the defendant Lazarus Levy were nominated as executors, and that the will was probated, and letters testamentary issued to the plaintiff and the defendant Lazarus Levy; that on or about the 13th day of August, 1896, the plaintiff and the defendant Lazarus Levy, as

executors, sold and delivered to the defendants goods, wares, and merchandise of the value and of the agreed price of $421.70. Lazarus Levy is made a defendant upon the ground that he refused to join as a co-plaintiff in the action. The answer puts in issue the sale of the goods, and as a separate defense pleads: First, that the plaintiff is not the real party in interest; second, payment to the plaintiff and her testator; and, third, sets up three several counterclaims as of a date prior to the testator's death, and asks judgment in their favor for the amount due thereon. The case came before the lower court on demurrer to the defense that the plaintiff was not the real party in interest, and to the sufficiency of the allegation of the alleged counterclaims.

The action was, we think, properly brought by the plaintiff, and it matters not whether the accompanying words in the title, "as executrix," etc., were included or dispensed with, if it appeared from the pleading itself that the cause of the action was an individual liability existing in favor of the plaintiff, for, when the complaint shows a cause of action in favor of the plaintiff, not in his representative but in his individual character, the descriptive words may be rejected, leaving the action to stand as one in the individual capacity of the defendant. Earl, J., in Litchfield v. Flint, 104 N. Y. 550, 11 N. E. 58. The only difference would be that, in the event of suing as executor when he might have brought suit in his individual capacity, he would be personally chargeable with costs. Buckland v. Gallup, 105 N. Y. 453, 11 N. E. 843. But with regard to the defenses interposed the case is somewhat different. The counterclaims interposed were of causes of action which had accrued prior to the testator's death, and were not properly the subject of counterclaim in an action brought to recover upon a liability created after the happening of that event. And the reason for this is apparent when we consider the relation which a creditor bears to the assets of an estate. The executor is charged with the duty of collecting the assets of the estate, and of converting the same into money for the purpose of paying creditors. If a creditor who has incurred an obligation to the estate after the death of the testator might be permitted to offset the same with an obligation in his favor owing prior to the death of the testator, the result of such an arrangement might be to impoverish the estate for his own benefit, and leave other creditors in his class without due proportion of the assets. It is quite certain that such a disposition of the assets was never contemplated by any law upon the statute books. It was said in Thompson v. Whitmarsh, 100 N. Y. 35, 2 N. E. 273, if a defendant can use his demand as a counterclaim, he alone, of all the creditors, can secure a preference out of the assets. No such construction of the Code is permissible. Upon what theory, then, the defendant would insist that he had the right to offset his alleged counterclaim against the demand accruing subsequent to the death of the testator, we are at a loss to discover, and we are of the opinion that the questions presented on this appeal were very properly disposed of by the decision upon the demurrer, as was well stated in the opinion of the learned justice in the court below: "The plaintiff's claim in

this action and the defendants' counterclaim are not mutual indebtednesses under the rule, and can, therefore, not be counterclaimed."

The interlocutory judgment appealed from must be affirmed, with costs. All concur.