(26 Misc. Rep. 385.)

### GROSS v. GROSS et al.

(Supreme Court, Appellate Term. February 24, 1899.)

1. PLEADING—DEMURRER.
    A defendant resisting a demurrer to his counterclaim may assail plaintiff's complaint for failing to state facts sufficient to constitute a cause of action.

2. ACTION BY EXECUTOR—PLEADING.
    A complaint by an executor, as such, for the price of testator's goods, sold after his death, is not bad, though it would have been better pleading to have declared on plaintiff's individual right.

3. SAME.
    Code Civ. Proc. §§ 449, 1814, requiring an action by an executor, in a cause of action belonging to him in his representative capacity, to be brought in such capacity, and that all actions must be prosecuted by the real party in interest, do not affect the form of action to be adopted on demands created after testator's decease.

4. COUNTERCLAIM.
    Purchasers of testator's goods after his death cannot set up a claim against testator created in his lifetime as a counterclaim in an action for the price.

Appeal from city court of New York, general term.

Action by Lea Gross, as executrix of the will of Isaac Gross, against Kalman Gross and others. From a judgment of the general term, affirming a judgment of the special term (54 N. Y. Supp. 572) sustaining a demurrer to defendants' counterclaims, they appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Charles F. Wahle, for appellants.
Julius J. Frank, for respondent.

LEVENTRITT, J. It appears by the complaint that on the 24th day of April, 1896, one Isaac Gross died, leaving a will whereby the plaintiff and the defendant Lazarus Levy were designated as executors, and that they subsequently qualified. It further appears that thereafter, and on the 13th day of August, 1896, the executors sold and delivered to the defendants Kalman Gross and Solomon J.

Rosenbloom certain goods, which were "the property and part of the estate" of the testator. These goods were not paid for upon demand, and hence this action to recover the agreed value. Lazarus Levy, having refused to join as co-plaintiff, was made a defendant, but took no part in the litigation. The defendants Gross and Rosenbloom, after pleading, in effect, a general denial, interposed three separate counterclaims, based upon demands which arose prior to the date of the testator's death, and in the amount of which they sought affirmative judgment. To each of these counterclaims the plaintiff demurred upon the ground that they were upon their face insufficient in law. The demurrer was sustained at the special term, and upon appeal to the general term of the city court the judgment thereon was affirmed. From that affirmance this appeal is taken.

The defendants contend that the complaint does not set up facts sufficient to constitute a cause of action, and therefore, however defectively the counterclaims may be pleaded, they are not subject to demurrer. It is unquestionably true that in resisting the demurrer the defendants may attack the complaint for insufficiency, in view of the fact that they have not admitted the allegations assailed. Reeves v. Bushby, 25 Misc. Rep. 226, 55 N. Y. Supp. 70; Village of Little Falls v. Cobb, 80 Hun, 20, 29 N. Y. Supp. 855; Mercein v. Smith, 2 Hill, 210; Morey v. Ford, 32 Hun, 446; Wyman v. Mitchell, 1 Cow. 316. As the plaintiff's demurrer searches the whole record, the court must consider it, and give judgment against the party who committed the first error in pleading.

The defendants urge that, the sale upon which the suit is based having been made after the death of the testator, the plaintiff cannot, as executrix, maintain an action against them, and that their liability to Lea Gross and Lazarus Levy can be established only in an action instituted by them personally; in other words, that the debt does not belong to them in their representative capacity. While it would have been better pleading to have declared upon the plaintiff's individual right, we cannot, under the authorities (Thompson v. Whitmarsh, 100 N. Y. 35, 2 N. E. 273), reject the complaint. Under the common law, where the cause of action accrued after the death of the testator, the plaintiff could, at his option, declare either in his own name or in his representative character (8 Enc. Pl. & Prac. 658; Merritt v. Seaman, 6 Barb. 330, affirmed in 6 N. Y. 168; Mercein v. Smith, 2 Hill, 210; Fry v. Evans, 8 Wend. 530; Biddle v. Wilkins, 1 Pet. 686; Kane v. Paul, 14 Pet. 33); the test being, will the recovery inure to the estate (Fry v. Evans, supra)? The common-law rule was changed by the sections of the Code which provide that an action by an executor or administrator upon a cause of action belonging to him in his representative capacity must be brought by him in that capacity, and that all actions must be prosecuted in the name of the real party in interest (Code Civ. Proc. §§ 449, 1814). Hone v. De Peyster, 106 N. Y. 645, 13 N. E. 778. The effect of this change was discussed in Thompson v. Whitmarsh, supra, and it was held to apply to "the class of cases in which the action could have been maintained in either

form; as where, upon a contract made with the testator, the cause of action accrued after his death, or where, upon a debt or obligation due to the deceased, the executor or administrator has taken a new security or evidence of debt. In these cases, before the Code, the action might be in the individual or representative name, but now must be in the latter." It thus appears that the change resulting from those sections does not affect the form of action to be adopted upon demands created after the decease of a testator. Buckland v. Gallup, 105 N. Y. 453, 11 N. E. 843; Bingham v. Bank, 41 Hun, 377, affirmed in 112 N. Y. 661, 19 N. E. 416. In Bingham v. Bank, where the cause of action arose upon a certificate of deposit issued upon a transaction had with assets of the estate, of which the plaintiffs were administrators, the general term of the supreme court, in this department, said:

"The plaintiffs were at liberty, therefore, either to bring this action in their own names, as individuals, or as representatives of this estate; and, as the facts for either action are fully stated and set forth in the complaint, they were here empowered to maintain the action, if it could be sustained by them, either as individuals or as personal representatives."

In affirming the judgment in that case the court of appeals adopts the following language:

"The contract represented by it [the certificate] came from their dealing with money of the estate, and might have been enforced in their names as individuals; but by seeking to do so with the addition of their representative character they lose no right, and impose no hardship upon, as they impair no remedy of, the defendant. * ° * * However sued, the money would belong to the estate; and whether the description of the person be rejected as surplusage, or retained, could in no manner be important." Bingham v. Bank, 112 N. Y., at page 663, 19 N. E. 418.

Where the complaint shows a cause of action in the plaintiff in his individual character, descriptive words added, indicating representative character, have been rejected, and the action allowed to stand as one in the individual capacity of the plaintiff (Litchfield v. Flint, 104 N. Y. 543, 11 N. E. 58); the only consequence being that, in the event of failure in the action, the plaintiffs, despite the allegation of representative capacity, would be personally chargeable with the costs (Buckland v. Gallup, 105 N. Y. 453, 11 N. E. 843). Therefore, whether we reject, as surplusage, or retain, the descriptive words, the complaint is sufficient, being based upon a transaction subsequent to the death of the testator, and not upon a debt due to him, or resulting from any contract made with him.

We are therefore brought to a consideration of the defendants' counterclaims. It cannot be questioned that they are bad in law. They involved causes of action which had accrued prior to the testator's death, and are not properly the subject of counterclaim in an action to recover upon a liability created thereafter. There is a long line of uniform authorities sustaining that proposition. Root v. Taylor, 20 Johns. 137; Mercein v. Smith, 2 Hill, 210; Merritt v. Seaman, 6 N. Y. 168; Patterson v. Patterson, 59 N. Y. 574; Thompson v. Whitmarsh, 100 N. Y. 35, 2 N. E. 273. The underlying principle is that the allowance of such counterclaims would inequi-

tably defeat the pro rata distribution among creditors of the assets of the decedent's estate.

The judgment of the general term of the court below was there-fore right, and must be affirmed, with costs.

Judgment affirmed, with costs to the respondent. All concur.