Guy L. Wilson, as Administrator De Bonis Non of the Estate of Charles H. Thomas, Deceased, Respondent, v. Edson A. Martin, Appellant. — Appeal from an order of the Supreme Court, Franklin County Special Term, which struck out the affirmative defenses and dismissed the counterclaim alleged in the defendant's answer, and granted judgment in favor of the plaintiff for the sum of $178.12 under rule 112 of the Rules of Civil Practice. The action was brought by an administrator *de bonis non* to recover for a sale of surplus beer and empty bottles set forth in a schedule annexed to the complaint. Defendant's answer denies the delivery of such items in one part, and in another part admits the receipt thereof but denies that such receipt was a sale. The answer further sets up a counterclaim for $268.64. From a consideration of the pleading as a whole, particularly the schedule annexed to the answer, it is apparent

that the defendant's counterclaim is for a debt due from decedent prior to his death. To permit such a counterclaim would in effect give defendant preference as a creditor of the estate (*Thompson* v. *Whitmarsh,* 100 N.Y. 35). Defendant's denial of delivery, or that delivery constituted a sale, created no triable issues of fact in view of other admissions, particularly in view of the schedule annexed to the answer. Order affirmed, with $10 costs and disbursements. Foster, P. J., Bergan and Coon, JJ., concur; Imrie, J., taking no part; Halpern, J., dissents in the following memorandum: I dissent from the proposed statement and decision. The defendant's answer denies the allegation of the complaint that the plaintiff had sold the surplus beer and empty bottles to the defendant. Although in his affirmative defense, the defendant admits that he received the beer and bottles, he denies that the delivery to him and his acceptance constituted a sale. In this state of the pleadings, it is open to the defendant to claim that the beer and bottles were delivered to him by the plaintiff administrator for credit on the account owing by the decedent. If this claim is sustained by the proof upon the trial, the complaint will have to be dismissed. If the estate was insolvent, the delivery of assets of the estate by the administrator to the defendant as a creditor of the estate was improper but this did not convert the transaction into a sale. I agree that the defendant's counterclaim is improper since it is obviously based upon an account for goods sold to the decedent and not to the administrator. I would reverse the order granting the plaintiff's motion and I would deny the motion, except as to that portion of it which seeks the striking out of the defendant's counterclaim, which portion I would grant, and I would reverse the judgment entered upon the order, all without costs.